

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA



FILED

JUL 01 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| Wanting Long<br>Xuejun Makhsous<br><br>Plaintiffs<br><br>v.<br><br>Eric McAfee, an individual;<br>Joseph Penbera, an individual;<br>Michael Penbera, an individual;<br>Adam McAfee, an individual;<br>Advanced BioEnergy LP, a California limited partnership;<br>Advanced BioEngery GP, LLC, a California limited liability company;<br>California Energy Investment Company LLC, a California limited liability company;<br>Aementis, Inc., a publicly traded Nevada corporation;<br>AE Advanced Fuels, Inc, a Delaware corporation;<br>US Regional Center Services, LLC, a Delaware limited liability company;<br>Park Capital Management LLC, a California limited liability company<br><br>Defendants | Case No. **1:19-CV-00898 DAD-SAB**<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL AND CALIFORNIA SECURITES LAWS AND COMMON LAW FRAUD; BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY;**<br><br>**DEMAND FOR JURY TRAIL** |



RECEIVED

JUL 01 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## PREAMBLE

This case arises from a history of acts of securities misrepresentation and fraud in violation of Section 10(b) of the Exchange Act and Rule 10b-5, fraud and deceit, breach of contract and breach of fiduciary duty perpetrated by Defendant **Eric McAfee ("McAfee"),** together with Defendants Joseph Panbera, Michael Panbera and Adam McAfee, and the companies they operated, including but not limited to Aementis, Inc, AE Advanced Fuels, Inc, Advanced BioEngergy LP ("AE LP"), Advanced BioEngery GP, LLC ("AE GP"), US Regional Center Services, LLC, Park

1

Capital Management LLC, and California Energy Investment Company, LLC. Eric McAfee and Adam McAfee, as well as Joseph Penbera and Michael Penbera, individually and through sham companies they formed and controlled, took advantage of Wanting LONG' desire to immigrate to the US, engaged in an ongoing and continuing fraud. They made false statements and misrepresentations about claimed investment in AE Advanced Fuels, and willfully suppressed material facts necessary to make statements they made not false and misleading. Wanting Long trusted the Eric McAfee and Adam McAfee, as well as Joseph Penbera and Michael Penbera, and relied on what they said and relied on them fairly to disclose all material facts. Eric McAfee and Adam McAfee, as well as Joseph Penbera and Michael Penbera, however, betrayed that trust and defrauded Wanting LONG into investing in their companies, as a result of which Wanting LONG suffered more than $549,000 in money damages.

## THE PARTIES

### PLAINTIFFS

1.      Plaintiff Wanting LONG is a natural person, who, at all times alleged herein, is a citizen of China and resides in China.  In July 2014, Plaintiff Wanting LONG paid $500,000 in capital contribution and $49,000 in administrative fee in connection to the securities sold by Defendants.

2.      Plaintiff Xuejun Makhsous is a natural person, who at all times alleged herein, is a resident of Illinois. Plaintiff Xuejun Makhsous received assignment of $49,000 in administrative fee and interests earned on the $500,000 investment from Plaintiff LONG for the translation and research work she performed for Wanting LONG between December 2017 and January 2019 as well as other considerations.

### DEFENDANTS

3.      Defendants Eric McAfee is a natural person and is a major shareholder and member of the Board of Directors of Aemetis, Inc and AE Advanced Fuels, Inc. Defendant Eric McAfee is the mastermind of this fraud and deceit scheme perpetuated against Plaintiff LONG.  Defendant Eric McAfee has been under Cease and Desist order imposed by US Securities Exchange

Commission to prohibit him from committing or causing any violations and any future violations of Section 10(b) of the Exchange Act and Rule 10b-5 as of July 2006.

4. Defendant AE Advanced Fuels, Inc. is a Delaware corporation to operate and retrofit existing corn ethanol plants in Central California. Defendant AE Advanced Fuels, Inc is the note issuer/debtor of pooled investment of Advanced BioEnergy, LP made by 72 immigrant investors mostly from China.

5. Defendant Aemetis, Inc is a publicly traded Nevada corporation (OB: AMTX). Aemetis Inc made Guaranty in favor of Advanced BioEnergy, LP, dated November 15, 2013, providing a guarantee of payment of the Promissory Notes issued by AE Advanced Fuels.

6. Defendant Advanced BioEnergy, LP is a California limited partnership with its contact address as 4921 NORTH VAN NESS BOULEVARD FRESNO, CALIFORNIA 93704. Defendant Advanced BioEnergy, LP sold about 72 units of limited partnership interest to Plaintiff Wanting LONG and other investors for $500,000 each in 2014.

7. Defendant Advanced BioEnergy GP, LLC is a California limited liability company. Defendant Advanced BioEnergy GP, LLC is sole general partner of Defendant Advanced BioEnergy, LP and a majority-owned subsidiary of Defendant California Energy Investment Company.

8. Defendant California Energy Investment Company, LLC is a California limited liability company ("CEIC") and is a Regional Center approved in August 2009 by the U.S. Citizenship and Immigration Services ("USCIS") pursuant to the immigrant investor pilot program (the "EB-5 Pilot Program") under Section 203(b)(5) of the Immigration and Nationality Act (the "Immigration Act").

9. Defendant Joseph and Michael Penbera are natural persons and control the Penbera Family Trust, which controls CEIC, in turns has 60% of ownership of Advanced BioEnergy GP, LLC, the general partner of Defendant Advanced BioEnergy, LP. Upon information and belief, Defendants Penberas are only front (straw) men for Defendant Eric McAfee and delegates decision of repayment to investors and other policy matter to Defendant Eric McAfee.

10.    Defendant US Regional Center Services, LLC is a Delaware limited liability company ("USRCS") and has 40% ownership in Defendant Advanced BioEnergy GP, LLC. The sole member of the USRCS is Park Capital Management, LLC.

11.    Defendant Park Capital Management, LLC is a California limited liability company with its business address at 7644 Tiptoe Lane, Cupertino, CA 95014. The sole member of Defendant Park Capital Management, LLC is Adam McAfee.

12.    Defendant Adam McAfee is a brother of Defendant Eric McAfee. Defendant Adam McAfee is SEC registered investment advisor and owner of investment firm The Tilted Funds Group, LLC. According to the disclosure published by SEC Defendant Adam McAfee provides service to Defendant Park Capital Management, LLC on 24 hours of per month basis.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and § 27 of the Exchange Act of 1934 (15 U.S.C. § 77aa). Wanting LONG's claims arise under Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated by the Securities Exchange Commission ("SEC") (17 C.F.R. 240.10b-5) and §§ 12 and 17 of the Securities Act of 1933 (15 U.S.C. §§ 77l and 77q).

14.    This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that it is an action between citizens of different states and country (China and Illinois, on the one hand, and California, Nevada and Delaware, on the other), and the amount in controversy, at least $549,000, exceeds $75,000 exclusive of interest and costs.

15.    Finally, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are related to claims within this Court's original jurisdiction such that they form part of the same case or controversy under Article III.

16.    Venue is proper in this district because one or more Defendants were residents of, or were doing business in, the State of California, County of Fresno, and pursuant to § 27 of the Exchange Act and 28 U.S.C. § 1391(b) because many of the acts giving rise to the violations of which Wanting LONG complains took place in this district, and Eric McAfee and Adam McAfee,

as well as Joseph Penbera and Michael Penbera, and the corporate defendants including Defendant Advanced BioEnergy GP, LLC, Defendant Advanced BioEnergy LP, Aemetis, Inc, AE Advanced Fuels, Inc., California Energy Investment Company, LLC, US Regional Center Services, LLC, and Park Capital Management, LLC, used the instrumentalities of interstate commerce including wire and mail in connection with the sale of unregistered securities in this district; the purchase of the unregistered securities were solicited from this district and Wanting LONG sent payments to Eric McAfee and Adam McAfee, as well as Joseph Penbera and Michael Penbera, and the corporate defendants for her purchase of those unregistered securities into this district.

17.     In connection with the acts alleged, the individual Eric McAfee and Adam McAfee, as well as Joseph Penbera and Michael Penbera, and the corporate defendants, directly or indirectly, used the means of instrumentalities of interstate commerce including, but not limited to, the mail and interstate wire and telephone communications.

## MATERIAL ALLEGATIONS

### The Sale and Purchase of Unregistered Securities

18.     In June 2014, a Chinese migration agency, Worldway hosted public road shows in China to promote US Immigration through investment to Chinese investors who want to apply for US permanent residency with $500,000 investment. Attracted by such irresistible offer, Wanting LONG signed an immigration consulting agreement with Worldway and paid a consulting fee of about $5,500.

19.     In June 2014, Defendant Eric McAfee joined Worldway at these public road shows to promote investment in Defendant Advanced BioEnergy LP to Chinese investors. Worldway and Eric McAfee made representation to LONG over and over that her investment in Advanced BioEngergy LP was a promissory note with four years term and LONG would be repaid in 4 years.

20.     At the public road show Defendant Eric McAfee never made representation to LONG that her investment in Advanced BioEngergy LP was in fact a limited partnership interest that is securities and can't be resold and liquidated without Defendant Eric McAfee's permission. There was no securities broker or financial advisor at presence in the road show.

21.    At or right after the road show, Defendant Eric McAfee didn't evaluate if LONG was an accredited investor that has a minimum $1,000,000 in net asset and is in the position to lose the entire amount of such investment pursuant the Subscription Agreement's suitability requirement. At no time LONG made representation that she was experienced in investing in US securities sold offshore and an accredited investor who would accept a total loss of her investment, a condition to invest in Advanced BioEngergy LP, as disclosed in the No. 5 PPM.

22.    At or right after the road show, Worldway provided LONG the signature pages of certain document to sign and these pages were parts of 1) retainer agreement for immigration counsel; 2) Non-Accredited Investors (Offshore) Form; 3) Investor Disclosure and Waiver of Advanced BioEnergy LP Agreement; 4) Counterpart Signature Page to Limited Partnership Agreement; 5) Exhibit F to Note Purchase Agreement; 6) Certificate of Non US Investor Status; 7) Subscription Agreement; 8) Confidentiality Acknowledgement Agreement. See Exhibit 1. There was no legal counsel at presence. No one reminded Wanting LONG to have a legal counsel to review these documents before she signed them. All documents were in English with no Chinese translation.

23.    Knowing Wanting LONG had no access to US attorneys in China, Worldway forwarded Wanting LONG information and documents to an US counsel and instructed Wanting LONG to pay $15,000 legal fee. Unknown to Wanting LONG, the US counsel would not review the investment documents LONG signed and limited his service only to filing immigration petition. As a matter of fact, the US counsel never even contacted Wanting LONG throughout the application stage. The US counsel had to return Wanting LONG the legal fee when she complained about legal malpractice.

24.    Defendant McAfee and Defendant Advanced BioEnergy LP, by means of private placement memoranda and other written solicitation material, solicited Wanting LONG to purchase, and they sold to Wanting LONG, unregistered securities in entities identified as Advanced BioEnergy LP.

6

25.     In doing so, Defendant McAfee and Defendant Advanced BioEnergy LP used the instrumentalities of interstate commerce in connection with the sale and purchase of those unregistered securities.

26.     Defendant McAfee and Defendant Advanced BioEnergy LP solicited and effected the sale of unregistered securities by use of private placement memoranda for Defendant Advanced BioEnergy LP.

27.     In those private placement memoranda, Defendant Advanced BioEnergy LP identified itself as "issuer" of the securities.

28.     Wanting LONG is informed and believes, that the securities were not registered with either the SEC or the California securities authorities or the securities authorities of any jurisdiction.

29.     Wanting LONG has paid Defendant Advanced BioEnergy LP $500,000 in capital contribution and $49,000 in administrative fee in connection with her purchase of the securities of Advanced BioEnergy LP.

30.     Wanting LONG is informed and believes that Eric McAfee acted as control persons within the meaning of § 20(a) of the Exchange Act, as he further alleges below.

**The Material Misrepresentations and Non-Disclosures.**

31.     In connection with the purchase and sale of those unregistered securities, Defendants McAfee, Defendants Penbera, and the corporate defendants —Wanting LONG is informed and believes based on information she recently acquired—made material misrepresentations of fact and failed to disclose material facts, disclosure of which was necessary to make what they stated not false and misleading.

32.     Specifically, Defendants McAfee, Defendants Penbera Defendant and the corporate defendants, with their Chinese marketing agent didn't provide complete offering documents including private placement memoranda *before* she was instructed to wire $500,000 in capital contribution and $49,000 in administration fee to bank accounts in the US controlled by Defendants.

7

33.     Specifically, Defendants McAfee, Defendants Penbera and the corporate defendants along with their Chinese marketing agent provide LONG, Prior to making investment in Advanced BioEnergy LP LONG was not provided by Worldway or Defendants Eric McAfee and Advanced BioEngergy LP with any of these documents in the entirety and no one had explained to LONG the risks of being a member of Advanced BioEnergy LP.

34.     Specifically, Defendants McAfee, Defendants Penbera, and the corporate defendants, with their Chinese marketing agent falsely represented that her investment was a four years promissory note. In exchange for Plaintiff's investments, Defendants promised Wanting LONG would receive return of $500,000 plus interests within four years of the investment.

35.     In fact, Wanting LONG's investment was non-liquid limited partnership interest and can't be resold and liquidated in four years without explicit permission by Defendants McAfee, Defendants Penbera, and the corporate defendants.

36.     While Wanting LONG paid $5,500 to Chinese migration agent, Worldway for its immigration consulting service, unknown to Wanting LONG, Defendants McAfee, Defendants Penbera, and the corporate defendants entered a "finder's agreement" that would pay Worldway about $30,000 out of her $49,000 administration she paid to Defendant Advanced BioEnergy LP to steer Wanting LONG to invest in Defendant Advanced BioEnergy LP.

37      Defendants  McAfee, Defendants Penbera, and the corporate defendants require representation by Wanting LONG in the Private Placement Memorandum that she, *"has either (x) a preexisting personal relationship with the General Partner or its principals, or with a person introducing the prospective investor to the Limited Partnership, or (y) by reason of his or her business or financial experience, or the business or financial experience of his or her professional advisors who are unaffiliated with and who are not compensated by the Limited Partnership or any affiliate or selling agent of the Limited Partnership, has the capacity to protect his or her own interests in connection with the Offering."* Wanting LONG has no personal relationship with Defendants or Worldway, and because of Worldway placing with Defendants, Worldway is compensated by Defendants.

38.     Numerous misrepresentations were made during the promotional event held by Defendants' broker and agent, Worldway.  Defendants are liable for each of these. *See News Am. Mktg. v. Lepage Bakeries, Inc.*, 16 A.D.3d 146, 148, 791 N.Y.S.2d 80, 82 (App. Div. 2005) ("a principal is liable for an agent's misrepresentations that cause pecuniary loss to a third party, when the agent acts within the scope of his apparent authority"). For example, Worldway stated:

- That the full amount of the investment would be loaned as a convertible note and be returned after four years. No extension.
- That there was flexible exit strategy. After three years, investor can choose to convert the investment into public traded stocks or hold convertible note until maturity for full repayment.
- That there was double guarantee for repayment. EB-5 investment was secured against high value of debt free assets.  EB-5 repayment with guaranty from parent company.

38.     Defendant McAfee and its Chinese marketing agent Worldway failed to disclose at the roadshows to Chinese investors or at other occasions the following disclosure:

NOTICE TO RESIDENTS OF PEOPLE'S REPUBLIC OF CHINA NO INVITATION TO OFFER, OR OFFER FOR, OR SALE OF, THE INTERESTS WILL BE MADE TO THE PUBLIC IN THE PEOPLE'S REPUBLIC OF CHINA (WHICH, FOR SUCH PURPOSES, DOES NOT INCLUDE THE HONG KONG OR MACAU SPECIAL ADMINISTRATIVE REGIONS OR TAIWAN) OR BY ANY MEANS THAT WOULD BE DEEMED PUBLIC UNDER THE LAWS OF THE PEOPLE'S REPUBLIC OF CHINA. THE INFORMATION RELATING TO THE INTERESTS CONTAINED IN THIS MEMORANDUM HAS NOT BEEN SUBMITTED TO OR APPROVED BY THE CHINA SECURITIES REGULATORY COMMISSION OR OTHER RELEVANT GOVERNMENTAL AUTHORITIES IN THE PEOPLE'S REPUBLIC OF CHINA. THE INTERESTS MAY ONLY BE OFFERED OR SOLD TO CHINESE INVESTORS THAT ARE AUTHORIZED TO BUY AND SELL SECURITIES DENOMINATED IN FOREIGN EXCHANGE. POTENTIAL INVESTORS RESIDENT IN THE PEOPLE'S REPUBLIC OF CHINA ARE RESPONSIBLE FOR OBTAINING ALL RELEVANT APPROVALS FROM THE CHINESE GOVERNMENT AUTHORITIES, INCLUDING BUT NOT LIMITED TO THE STATE ADMINISTRATION OF FOREIGN EXCHANGE, BEFORE PURCHASING THE INTERESTS.

39.     Plaintiff Wanting LONG never made representation to Defendant Eric McAfee or Worldway that she was authorized to buy and sell securities denominated in foreign exchange per Chinese government regulation.

40.     In addition, in order further to induce Wanting LONG to purchase unregistered securities, and the corporate defendants represented: *The Partnership will refund the full Purchase Price to the investors in the event of a denial of the investor's I-526 petition by USCIS and visa*

*denial from US consulate office or adjustment of status by USCIS.* The No. 5 PPM also provides that *Guaranty by Aemetis, Inc. in favor of Advanced BioEnergy, LP, dated November 15, 2013, providing a guarantee of payment of the Promissory Notes issued by AE Advanced Fuels.*

40.     Only on April 8, 2019, Defendant Eric McAfee wrote to Plaintiffs LONG and Makhsous that *"1) The EB-5 program requires an "at-risk" equity investment by the foreign investor, without any guarantee or promise of repayment on a defined date.  As you know, Jane LONG has made no investment into the Aemetis project and certainly did not loan any funds to the Aemetis project.  Jane LONG invested into a limited partnership and paid the same administrative fees as the other investors in the investment partnership.  As an equity investment, the EB-5 law specifically DOES NOT ALLOW any amount to be paid back to the investor without considering the immigration status of the other investors and the need for funds to stay "at-risk" without any specified or promised date of repayment. 2) The promissory note from the investment fund to Aemetis project has a date and an interest rate.  You and Jane LONG are not the "investment fund" or "Aemetis project", so you are not a party to this promissory note or have any claim to interest or principal payments from this promissory note until such time as the General Partner of the investment partnership decides that a payment of a dividend to limited partnership investors is appropriate."*

41.     Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera, and the corporate defendants knew those material misrepresentations were false and misleading when they made them and knew that Wanting LONG did not know that those representations were false.

42.     Wanting LONG is also informed and believes that Defendants McAfee, Defendants Penbera, and the corporate defendants withheld material information from her that she was entitled to receive.

## Prior Securities Violations and Violation of the Permanent Injunction.

43.     Defendants McAfee, Defendants Penbera and the corporate defendants failed to disclose at the roadshows to Chinese investors or in any of the offering documents that he has been under Cease and Desist order imposed by US Securities Exchange Commission to prohibit him

from committing or causing any violations and any future violations of Section 10(b) of the Exchange Act and Rule 10b-5 as of July 2006.

44.   Defendant Eric McAfee was Verdisys' largest shareholder, owning approximately 28% of Verdisys' outstanding common stock, 2.8% directly and 25.6% beneficially through two venture capital firms and through family holdings as of 2006.

45.   In 2003, Defendant Eric McAfee caused Verdisys filed misleading disclosures regarding revenues in the filing of its quarterly report for the quarter ended September 30, 2003 (the "3Q Form 10-QSB"). As a result of the conduct described above, McAfee caused Verdisys to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, which prohibit fraudulent conduct in connection with the purchase or sale of securities.

46.   In view of the foregoing, the Commission deems it appropriate to impose the sanctions agreed to in Respondent McAfee's Offer. Accordingly, it is hereby ORDERED that Defendant Eric McAfee cease and desist from committing or causing any violations and any future violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## LOSS CAUSATION/ECONOMIC LOSS

47.   At all relevant times, as detailed above, Defendants McAfee, Defendants Penbera and the corporate defendants engaged in a scheme and course of conduct to create and then manipulate a market for and artificially inflate the price of unregistered securities.

48.   Defendants McAfee, Defendants Penbera and the corporate defendants carried out this scheme by making false and misleading statements to Wanting LONG about the unregistered securities they sold carried out this scheme by making false and misleading statements to Wanting LONG about the unregistered securities they sold.

49.   In Jan 2018, Plaintiff Long decided not to proceed with her immigration process and wanted to withdraw her investment from AE LP. Plaintiff has engaged attorneys from China and US to contact McAfee for return of her $549,000 investment plus interests.  McAfee refused to return her investment.  In June 2018, Defendant McAfee responded to LONG's then counsel Doug Litowitz that "*So let's agree that her equity investment date is March 10, 2015 into the limited*

*partnership. The limited partnership then lent $500,000 to the EB-5 project company under a four year promissory note that is due March 10, 2019.*" See Exhibit 2.

50.    Wanting LONG has canceled her application for US residency in about August 2018 with understanding her note would be repaid by March 2019. As a result LONG is no longer eligible to receive immigration visa from US consulate office to immigrate to the US.

51.    Wanting LONG contacted Defendant Eric McAfee in April 2019 for repayment of her promissory note. Again Defendant Eric McAfee refused to pay off Wanting LONG's investment and also refused to Wanting LONG's request for arbitration pursuant to the Operating Agreement, even though the Private Placement Memorandum provides that: *The Partnership will refund the full Purchase Price to the investors in the event of a denial of the investor's I-526 petition by USCIS and visa denial from US consulate office*...

52.    Between March and May 2019, Defendant Eric McAfee and Advanced BioEngergy LP refused to return LONG's investment after repeated requests made by Plaintiffs LONG and Makhsous.

53.    On May 17 2019, LONG sent a notice of Demand for Arbitration to Michael Penbera, an agent of California Energy Investment Center, LLC and general partner of Advanced BioEngergy LP. LONG received no response. See Exhibit 3.

54.    As a result of her purchases of unregistered securities from Defendants McAfee, Defendants Penbera and the corporate defendants, Wanting LONG has suffered economic loss, i.e., damages under the federal securities laws in that the securities can not be liquidated at Wanting Long's choice, a material fact that Defendants McAfee, Defendants Penbera and the corporate defendants failed to disclose and misrepresented during the road show in China.

55.    The damages that Wanting LONG suffered were a direct result of Defendants McAfee, Defendants Penbera and the corporate defendants' false statements until Wanting LONG finally knew the nature and extent of defendants' fraud.

## CAUSE OF ACTION

## FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5
(Against All Defendants)

56.     Wanting LONG incorporates by this reference each allegation in paragraphs 1 through 55, above.

57.     At all times relevant, Defendants McAfee, Defendants Penbera and the corporate defendants carried out a plan, scheme and course of conduct which was intended to and did: (i) deceive Wanting LONG as alleged above; (ii) enable Defendants McAfee, Defendants Penbera and the corporate defendants to sell unregistered securities to Wanting LONG; and (iii) cause Wanting LONG to purchase unregistered securities from Defendants McAfee, Defendants Penbera and the corporate defendants. In furtherance of this unlawful scheme, plan and course of conduct, each defendant, jointly and individually took the actions stated above.

58.     Defendants McAfee, Defendants Penbera and the corporate defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of unregistered securities from Defendants McAfee, Defendants Penbera and Defendants McAfee, Defendants Penbera and the corporate defendants, and specifically Wanting LONG in violation of Section 10(b) of the Exchange Act and Rule 1 0b-5.

59.     Wanting LONG sues each defendant either as a primary participant in the wrongful and illegal conduct charged or as a controlling person as alleged below.

60.     Defendants McAfee, Defendants Penbera and the corporate defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, each engaged and participated in a continuous course of conduct to make misrepresentations of material facts and to conceal adverse material information about the unregistered securities defendants sold, as specified in this complaint.

61.     Defendants McAfee, Defendants Penbera and the corporate defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged above in an effort to assure Wanting LONG that the unregistered securities Defendants McAfee, Defendants Penbera and the corporate defendants sold were suitable for investors like Wanting LONG, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about the unregistered securities in the light of the circumstances in which they were made, not misleading, as set forth more particularly above, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon Wanting LONG as a purchaser of unregistered securities from Defendants McAfee, Defendants Penbera and the corporate defendants.

62.     Defendants McAfee, Defendants Penbera and the corporate defendants had actual knowledge of the misrepresentations and omissions of material facts set forth, or acted with deliberate disregard for the truth in that they failed to ascertain and to disclose such facts. Defendants McAfee, Defendants Penbera and the corporate defendants' material misrepresentations and/or omissions were done knowingly or deliberately and for the purpose and effect of concealing the truth about the unregistered securities from Wanting LONG. If any individual defendant did not have actual knowledge of the misrepresentations and omissions alleged, it was reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

63.     At the time of these misrepresentations and omissions, Wanting LONG was ignorant of their falsity, and believed them to be true. Had Wanting LONG known the truth regarding risks associated with the unregistered securities Defendants McAfee, Defendants Penbera and the corporate defendants sold, which those defendants did not disclose, Wanting LONG would not have purchased and continued to hold the unregistered securities.

64.     By virtue of the foregoing, Defendants McAfee, Defendants Penbera and the corporate defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5.

65.    As a direct and proximate result of Defendants McAfee, Defendants Penbera and the corporate defendants' wrongful conduct, Wanting LONG suffered money damages of at least $549,000, the exact amount of which she will prove at trial, in connection with her respective purchases of unregistered securities that Defendants McAfee, Defendants Penbera and the corporate defendants sold.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT
### (Against Defendants Eric McAfee and Advanced BioEnergy GP LLC)

66. Wanting LONG incorporates by this reference each allegation in paragraphs 1 through 65, above.

67. Defendant Eric McAfee acted as a de facto control person of Defendant Advanced BioEnergy LP within the meaning of Section 20(a) of the Exchange Act as alleged above.

68.    Defendant Eric McAfee had the power to influence and control and did influence and control, directly or indirectly, the decision-making by Advanced BioEnergy GP LLC including the content and dissemination of the various statements which Wanting LONG contends are false and misleading.

69.    In addition, defendant Advanced BioEnergy GP LLC acted as a control person of Advanced BioEnergy LP, within the meaning of Section 20(a) of the Exchange Act as alleged above.

70.    Defendant Advanced BioEnergy GP LLC had the power to influence and control and did influence and control, directly or indirectly, the decision-making by Advanced BioEnergy GP LLC, including the content and dissemination of the various statements which Wanting LONG contends are false and misleading.

71.    As set forth above, Defendants McAfee, and Defendant Advanced BioEnergy GP LLC each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this complaint.

72.     By virtue of their positions as controlling persons, Defendants McAfee, Defendants Penbera and Defendant Advanced BioEnergy GP LLC are liable pursuant to Section 20(a) of the Exchange Act.

73.     As a direct and proximate result of defendants' wrongful conduct, Wanting LONG and Xuejun Makhsous suffered money damages of at least $549,000, the exact amount of which she will prove at trial, in connection with its purchase and retention of unregistered securities from defendants.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE SECURITIES ACT OF 1933
### (Against All Defendants)

74.     Wanting LONG incorporates by this reference each allegation in paragraphs 1 through 73, above.

75.     Defendants McAfee, Defendants Penbera and the corporate defendants's conduct as alleged above violates the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq. ("the Act"), and specifically Sections 12 and 17 of the Act, 15 U.S.C. §§ 77l and 77q, in that defendants used interstate commerce for fraud and deceit and offered and sold securities in interstate commerce with written material, including the private placement memoranda for Advanced BioEnergy LP, that included untrue statements of material fact and omissions of material fact.

76.     As a direct and proximate result, Wanting LONG and Xuejun Makhsous has suffered money damages at least in excess of $ 549,000, the exact amount will be proved at trial.

## FOURTH CLAIM FOR RELIEF

## VIOLATIONS OF CALIFORNIA CORPORATION CODE §§ 25400 AND 25500
### (Against All Defendants)

77.     Wanting LONG incorporates by this reference each allegation in paragraphs 1 through 76, above.

78.     The investment that Defendants' McAfee, Defendants Penbera and the corporate defendants sold to Wanting LONG were securities as § 25019 of the California Corporations Code defines the term.

79.     Defendants McAfee, Defendants Penbera and the corporate defendants are liable to Wanting LONG under California Corporations Code § § 25400(d) and 25500 because they sold or offered to sell securities, and made statements or willfully participated in the making of such statements for the purposes of inducing Wanting LONG to purchase such securities.

80.     As alleged above, those statements were, at the time and in the light of the circumstances under which they were made, false or misleading with respect to material facts, and omitted to state material facts necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading.

87.     Defendants McAfee, Defendants McAfee, Defendants Penbera and the corporate defendants knew or had reasonable grounds to believe that the statements and omissions were false or misleading.

88.     As a direct and proximate result, Wanting LONG and Xuejun Makhsous has suffered money damages at least in excess of $ 549,000, the exact amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 25401 AND 25501
### (Against All Defendants)

89.     Wanting LONG incorporates by this reference each allegation in paragraphs 1 through 88, above.

90.     The investment that Defendants McAfee, Defendants Penbera and the corporate defendants sold to Wanting LONG were securities as § 25019 of the California Corporations Code defines the term.

91.     Defendants McAfee, Defendants Penbera and the corporate defendants are liable to Wanting LONG under §§ 25401 and 25501 of the California Corporations Code because each

offered to sell and sold securities in California by means of written or oral communications, and including the private placement memoranda for Advanced BioEnergy LP, that included untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

92.    As a direct and proximate result, Wanting LONG and Xuejun Makhsous has suffered money damages at least in excess of $ 549,000, the exact amount of which will be proved at trial.

## SIXTH CLAIM FOR RELIEF

### FRAUD AND DECEIT
### (Against All Defendants)

93.    Wanting LONG incorporates by this reference each allegation in paragraphs 1 through 92, above.

### Misrepresentations of Material Facts

94.    As alleged above, Defendants McAfee, Defendants Penbera and the corporate defendants made representations of material fact to Wanting LONG both before defendants drew Wanting LONG into their investment scheme and she invested in the unregistered securities, and continuing thereafter.

94.    Those representations were false.

95.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants knew that the representations were false when they made them or they made those representations recklessly without knowing whether they were true or false.

96.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants made those representations with an intent to defraud and deceive Wanting LONG and Defendants McAfee, Defendants Penbera and the corporate defendants made those representations to induce Wanting LONG to rely on them and to act in reliance on them.

97.    The true facts were that the defendants knew that Wanting LONG's investment would not be returned in 4 years and her investment was not able to liquidated in 4 years.

98.     Rather, Wanting LONG is now informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants had no intension to return any of proceeds raised from selling the securities.

99.     When Defendants McAfee, Defendants Penbera and the corporate defendants made the representations and omissions, Wanting LONG was ignorant that the representations were false and believed them to be true.

100.    Wanting LONG relied on these representations and omission and as a result of those misrepresentations expended substantial sums of money.

101.    Had Wanting LONG known the true facts he would never have purchased unregistered securities from defendants or invested in Advanced BioEnergy LP.

**Suppression of Material Facts**

102.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants knew the true, material facts concerning the investment and knew that they were material to Wanting LONG, among other 72 investors.

103.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants willfully and intentionally concealed and suppressed those material facts.

104.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants knew that Wanting LONG did not know and could not reasonably discover these concealed and suppressed facts.

105.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants intentionally concealed and suppressed these facts with the intent to defraud Wanting LONG, among other investors.

106.    Wanting LONG was unaware of these concealed and suppressed facts and would not have acted as she did if she had known the concealed and suppressed facts.

107.    Because of Defendants McAfee, Defendants Penbera and the corporate defendants' superior position, and their possession of material facts which only they knew and which they knew that Wanting LONG did not know, and their knowledge that these facts were material to Wanting

LONG, Defendants McAfee, Defendants Penbera and the corporate defendants had a duty to disclose these facts to Wanting LONG and to any other investors.

108.    By virtue of their intentional misrepresentation and by virtue of their intentional concealment and suppression of material facts, Defendants McAfee, Defendants Penbera and the corporate defendants fraudulently induced Wanting LONG to purchase securities.

## False Promises

109.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants made the promises stated in the written solicitation materials with the intent to defraud Wanting LONG, and that Defendants McAfee, Defendants Penbera and the corporate defendants made those promises to induce Wanting LONG to rely on them and to act in reliance on them.

110.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants made statements of fact, and suggestions and assertions as facts, that were not true and that Defendants McAfee, Defendants Penbera and the corporate defendants knew were not true and did not believe to be true and had no reasonable grounds for believing to be true.

111.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants suppressed facts they were bound to disclose, and gave information about other facts to Wanting LONG that were likely to mislead Wanting LONG because of the suppressed facts.

112.    Defendants McAfee, Defendants Penbera and the corporate defendants owed Wanting LONG a duty of full disclosure, honesty and candor, as well as a duty to exercise reasonable care and to make a reasonable and diligent investigation of statements they made to Wanting LONG and any other investors.

## Damage

113.    Defendants McAfee, Defendants Penbera and the corporate defendants committed fraud on Wanting LONG, as a direct and proximate result of which Wanting LONG has suffered money damages in an amount exceeding $549,000, the exact amount of which will be proved at trial.

**Punitive Damages**

114.    Defendants McAfee, Defendants Penbera and the corporate defendants conduct constitutes an intentional misrepresentation, false promise, deceit and suppression of facts known to defendants, all with the intention of causing injury to Wanting LONG, and was oppressive, fraudulent, malicious conduct as defined in California Civil Code § 3294 and Wanting LONG and Xuejun Makhsous should recover, in additional to actual damages, exemplary and punitive damages according to proof at trial.

## SEVENTH CLAIM FOR RELIEF
## FRAUD AND DECEIT—FOR RESCISSION AND RESTITUTION DAMAGES
### (Against All Defendants)

115.    Wanting LONG incorporates by this reference the allegations in paragraphs 1 through 114, above.

116.    As a direct and proximate result of Defendants McAfee, Defendants Penbera and the corporate defendants' fraud and deceit, as set forth above, Wanting LONG and Xuejun Makhsous are entitled to rescission and restitution damages, according to proof at trial but at least $549,000.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION
### (Against All Defendants)

117.    Wanting LONG incorporates by this reference the allegations in paragraphs 1 through 116, above.

118.    Defendants McAfee, Defendants Penbera and the corporate defendants made representations to Wanting LONG about existing material facts.

119.    Wanting LONG is informed and believes that those representations were false.

120.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants made those representations without a reasonable ground for believing them to be true.

121.    Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants made those representations with the intent to induce Wanting LONG to rely on them.

122.   Wanting LONG was unaware of the falsity of the representations and acted in reliance on the truth of the representations and was justified in acting in relying on those representations.

123.   As a result of her reliance on the truth of those representations, Wanting LONG has sustained and continues to sustain money damages according to proof at trial.

124.   In engaging in the conduct alleged, Defendants McAfee, Defendants Penbera and the corporate defendants made representations and statements of material facts and omitted to state material facts necessary to make statements that they made, in light of the circumstances in which they were made, not misleading, and necessary to be stated in order that Wanting LONG would be informed of all material facts necessary for Wanting LONG's decision to purchase the limited partnership interest. Defendants McAfee, Defendants Penbera and the corporate defendants made such representations and statements with the intent to induce Wanting LONG to rely on them.

125.   In making the representations and statements and omitting to state material facts, Defendants McAfee, Defendants Penbera and the corporate defendants acted negligently in that they made those representations and statements without a reasonable ground for believing them to be true and did not exercise due care in investigating to determine the existence of the material facts omitted.

126.   At the time of the representations, statements, and omissions, Wanting LONG was unaware that they were false and misleading and was unaware that there had been omissions of material facts. Wanting LONG justifiably relied on these representations and statements and justifiably believed that there were no omissions of material facts. As a result, Wanting LONG, and, she is informed and believes others, were induced to purchase securities.

127.   As a direct and proximate result of the misrepresentations and omissions alleged, Wanting LONG and Xuejun Makhsous have suffered money damages in excess of $549,000 the exact amount of which will be proven at trial.

## NINETH CLAIM FOR RELIEF

### VIOLATION OF BUSINESS & PROFESSIONS CODE §17200
### (Against All Defendants)

128.   Wanting LONG incorporates by this reference the allegations in paragraphs 1 through 127, above.

129.  By their conduct, Defendants McAfee, Defendants Penbera and the corporate defendants violated Business & Professions Code § 17200.

130.  As a direct and proximate result of defendants' violation of Business & Professions Code § 17200, set forth above, Wanting LONG and Xuejun Makhsous entitled to restitution damages according to proof at trial but at least $549,000.

## TENTH CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (Against Advanced BioEnergy LP)

131.  Wanting LONG incorporates by this reference the allegations in paragraphs 1 through 130, above.

132.  Both the Partnership Agreement and Subscription Agreement of Defendant Advanced BioEnergy LP provide that the parties shall submit all disputes, claims or demands of any kind relating to or arising out of the Agreements to a three-step dispute resolution process: 1) informal negotiation in good faith; 2) if necessary, mediation; 3) binding arbitration.

133.  Defendant Advanced BioEnergy LP breached the contract by not engaging in good-faith informal negotiation since January 2018 and not submitting to arbitration after requested by Wanting LONG in May 2019.

134.  As a direct result, Plaintiffs Wanting LONG and Xuejun Makhsous were harmed.

135.  Defendant Advanced BioEnergy LP's conduct was a substantial factor in causing Plaintiffs' harm.

136.  As a direct and proximate result of Defendant Advanced BioEnergy LP's breach of contract, set forth above, Wanting LONG and Xuejun Makhsous are entitled to damages according to proof at trial but at least $549,000.

## ELEVENTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY
### (Against Advanced BioEnergy LP)

137.  Wanting LONG incorporates by this reference the allegations in paragraphs 1 through 136, above.

138.   Defendant Advanced BioEnergy LP voluntarily accepted a fiduciary role with respect to Wanting LONG, including the duty to act with the utmost good faith, loyalty, and in the best interests of Wanting LONG. Wanting LONG placed her trust and confidence in Defendant Advanced BioEnergy LP to respect and protect her stated wishes, which is to withdraw her investment from Advanced BioEnergy LP.

139.   On June 10 2019, Defendant Joseph Penbera on behalf of Defendant Advanced BioEnergy LP notified limited partners of Advanced BioEnergy LP that Defendant Advanced BioEnergy LP has granted a six months extension to the maturity of the Promissory Notes, of which investment comes from Wanting LONG and other limited partners.  Such extension contradicts with Wanting LONG's wish to withdraw her investment from Advanced BioEnergy LP.

140.   Defendant Advanced BioEnergy LP breached its fiduciary duty owed to Wanting LONG by not to respect and protect her stated wishes.

141.   As a direct result, Plaintiffs Wanting LONG and Xuejun Makhsous were harmed.

142.   Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

143.   As a direct and proximate result of defendant's breach of fiduciary duty, set forth above, Wanting LONG and Xuejun Makhsous are entitled to damages according to proof at trial but at least $549,000.


## TWELVETH CLAIM FOR RELIEF

### IMPOSITION OF CONSTRUCTIVE TRUST
### (Against Eric McAfee, Defendants Penbera and Advanced BioEnergy GP LLC)


144.   Wanting LONG incorporates by this reference the allegations in paragraphs 1 through 143, above.

145.   Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants have received moneys that rightfully belong to her as a result of her purchase of the unregistered securities issued by Advanced BioEnergy, LP.

146. By virtue of her investment in Advanced BioEnergy, LP, through her purchase of unregistered securities, Wanting LONG acquired a lien and security interest in any proceeds

Defendants McAfee, Defendants Penbera and the corporate defendants received from Advanced BioEnergy, LP.

147. Wanting LONG is informed and believes that Defendants McAfee, Defendants Penbera and the corporate defendants have wrongfully, unfairly, unjustly, and inequitably received, disbursed, and retained such proceeds for themselves.

148. In the circumstances alleged, it is unfair, unjust, and inequitable to allow the Defendants McAfee, Defendants Penbera and the corporate defendants to retain any such proceed.

149. In the interests of fairness, justice, and equity, this Court can and should issue an order and enter judgment:

a. Imposing a constructive trust over all such proceeds;

b. Decreeing that Eric McAfee, Defendants Penbera and Advanced BioEnergy GP LLC hold such funds in trust for the benefit of Wanting LONG; and

c. Requiring Eric McAfee, Defendants Penbera and Advanced BioEnergy GP LLC to disgorge those funds and to restore those funds to Wanting LONG.

150. Accordingly, Wanting LONG seeks, in addition to other relief, the imposition of a constructive trust on any and all moneys the Eric McAfee, Defendants Penbera and Advanced BioEnergy GP LLC received from Advanced BioEnergy LP.

**WHEREFORE,** plaintiffs Wanting LONG and Xuejun Makhsous demand judgment against Eric McAfee, Adam McAfee, Joseph Penbera, Michael Penbera, and the corporate defendants including Defendant Advanced BioEnergy GP, LLC, Defendant Advanced BioEnergy LP, Aemetis, Inc, AE Advanced Fuels, Inc., California Energy Investment Company, LLC, US Regional Center Services, LLC, and Park Capital Management, LLC,, and the other 71 investor defendants, as follows:

1. For compensatory damages in an amount to be proven at trial but at least $549,000;

2. For punitive damages in an amount to be proven at trial;

3. For restitution in an amount to be proven at trial but at least $549,000;

4. For the imposition of a constructive trust on all moneys any defendant received;

5. For attorneys fees and costs of suit; and

6. For such other and further relief as this Court deems just and proper.

150. Accordingly, Wanting LONG seeks, in addition to other relief, the imposition of a constructive trust on any and all moneys the Eric McAfee, Defendants Penbera and Advanced BioEnergy GP LLC received from Advanced BioEnergy LP.

**WHEREFORE,** plaintiffs Wanting LONG and Xuejun Makhsous demand judgment against Eric McAfee, Adam McAfee, Joseph Penbera, Michael Penbera, and the corporate defendants including Defendant Advanced BioEnergy GP, LLC, Defendant Advanced BioEnergy LP, Aemetis, Inc, AE Advanced Fuels, Inc., California Energy Investment Company, LLC, US Regional Center Services, LLC, and Park Capital Management, LLC,, and the other 71 investor defendants, as follows:

1. For compensatory damages in an amount to be proven at trial but at least $549,000;
2. For punitive damages in an amount to be proven at trial;
3. For restitution in an amount to be proven at trial but at least $549,000;
4. For the imposition of a constructive trust on all moneys any defendant received;
5. For attorneys fees and costs of suit; and
6. For such other and further relief as this Court deems just and proper.

Dated: June 26, 2019

Respectfully submitted,

By: Wan Ting Long
Wanting LONG, *pro se*
A10 Pingdong Village Zhongshan
Guangdong China 528463
Tel: 86-13926933161

By: Xuejun Zoe Makhsous
Xuejun Makhsous, *pro se*
P. O. Box 2651
Glenview IL 60025
Tel: 312-989-5446

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues triable to a jury.

25

Dated: June 26, 2019

Respectfully submitted,

By:  Wan Ting Long
Wanting LONG, *pro se*
A10 Pingdong Village Zhongshan
Guangdong China 528463
Tel: 86-13926933161

By: Xuejun Zoe Makhsous
Xuejun Makhsous, *pro se*
P. O. Box 2651
Glenview IL 60025
Tel: 312-989-5446