# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAN TING LONG, et al., | Case No. 1:19-cv-00898-DAD-SAB |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT WITHOUT PREJUDICE AND DIRECTING CLERK OF COURT TO ABSTAIN FROM ENTERING DEFAULT |
| v. | |
| ERIC MCAFEE, et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFFS TO FILE PROOFS OF SERVICE, AMENDED PROOFS OF SERVICE, OR SUPPLEMENTAL AFFIDAVITS DEMONSTRATING PROPER SERVICE ON ALL DEFENDANTS |
| | ORDER DIRECTING CLERK OF COURT TO CORRECT PARTY NAME SPELLING IN DOCKET |
| | (ECF Nos. 11, 12) |
| | THIRTY-DAY DEADLINE |

Currently before the Court is Plaintiffs' request for entry of default against multiple defendants in this action. (ECF No. 12.) For the reasons explained in this order, the request shall be denied without prejudice, and Plaintiffs shall be required to demonstrate proper service on defendants within thirty (30) days of service of this order. Given the Plaintiffs' *pro se* status, the Court has extensively set forth below the applicable legal standards governing service of process under the Federal Rules and California law so that Plaintiffs may be informed on these

standards when they address the facial inconsistencies in the proofs of service, and so that the *pro se* Plaintiffs may make an informed decision on whether they wish to proceed by filing amended affidavits or briefing explaining how service was proper, or whether they wish to attempt service in another manner on one or more of the defendants and then submit such proofs of service to the Court.

## I.

## BACKGROUND

On July 1, 2019, Wang Ting Long and Xuejun Makhsous ("Plaintiffs"), proceeding *pro se*, filed this action alleging violations of the Federal Securities Act and California law.  (ECF No. 1.)  On July 2, 2019, the Court issued summonses and an order setting the mandatory scheduling conference.  (ECF Nos. 3, 4, 5.)  The July 2, 2019 order setting the mandatory scheduling conference informed Plaintiffs that they were to "diligently pursue service of the summons and complaint" and "promptly file proofs of the service."  (ECF No. 5 at 1.)  On September 24, 2019, because Plaintiffs failed to file proofs of service showing that Defendants had been served in this action, the Court ordered Plaintiffs to file a notice of status of service within fourteen (14) days of entry of the order.  (ECF No. 10.)  The order informed Plaintiffs that failure to comply with the order may result in a recommendation the action be dismissed for failure to serve in compliance with Rule 4 of the Federal Rules of Civil Procedure.  (Id.)

On October 7, 2019, Plaintiffs filed, and on October 9, 2019, the Court docketed, proofs of service alleging service of the summons and complaint on the following defendants: (1) Advanced BioEnergy GP, LLC; (2) Advanced BioEnergy, LP; (3) Eric McAfee; (4) Michael Penbera; (5) Joseph Penbera; and (6) Adam McAfee.  (ECF No. 11.)  Plaintiffs have not filed any documents alleging service of the summons and complaint on the following defendants: (1) California Energy Investment Company, LLC; (2) Aementis, Inc.; (3) AE Advanced Fuels, Inc.; (4) US Regional Center Services, LLC; and (5) Park Capital Management, LLC.[1]

---

[1]  It appears Plaintiffs misspelled two of the defendant entity names on the caption page of the complaint, and the misspellings are reflected on the docket: (1) "Advanced BioEngery GP, LLC," is entered rather than the correct spelling of Advanced BioEnergy GP, LLC; and (2) "Advanced BioEngergy, LP," is entered rather than the correct spelling of Advanced BioEnergy, LP.  The Court notes that the entities are correctly spelled later in the filed complaint.  (ECF No. 1 at 3.)  Further, the Court has taken judicial notice of the records of the California Secretary

On October 7, 2019, Plaintiffs filed a request for entry of default against the following defendants who, as noted above, are alleged to have been served with the summons and complaint according to the proofs of service filed: (1) Eric McAfee; (2) Joseph Penbera; (3) Michael Penbera; (4) Adam McAfee; (5) Advanced BioEnergy, LP; and (6) Advanced BioEnergy GP, LLC. (ECF No. 12.) Plaintiffs also request entry of default against the following defendants which Plaintiffs have not filed any proofs of service alleging service of the summons and complaint upon: (1) California Energy Investment Company, LLC; (2) Aementis, Inc.; and (3) AE Advanced Fuels, Inc. (ECF No. 12.)

## II.

## LEGAL STANDARD

### A.      Entry of Default under Rule 55

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(b)(1). Before a default is entered, the "court clerk must be satisfied from Plaintiff'[s] request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person." Shapour v. California, Dep't of Transp., No. 1:13-CV-1682 AWI-BAM, 2013 WL 6797470, at *1 (E.D. Cal. Dec. 19, 2013) (citations omitted).

### B.      Jurisdiction and Service of the Complaint

"A federal court does not have jurisdiction over a defendant unless the defendant has

---

of State website which reflect the correct spellings. See California Secretary of State Business Entity Search, https://businesssearch.sos.ca.gov (type in entity name in search) (last visited October 9, 2019). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of records searches on the California Secretary of State corporate search website as the accuracy of such record searches "can be determined by readily accessible resources whose accuracy cannot reasonably be questioned.") Additionally, the complaint correctly spelled California Energy Investment Company, LLC, however the name was incorrectly entered into the docket as "California Engery Investment Company, LLC." The Court shall direct the Clerk of the Court to update the docket to reflect the correct spellings of these defendant entity names.

been served properly under" Federal Rule of Civil Procedure 4. <u>Direct Mail Specialists, Inc. v.</u> <u>Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988) (citing <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir.1982)); <u>see also</u> <u>Chambers v. Knight</u>, No. 18-CV-02906-BAS-BGS, 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant."). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." <u>Direct Mail</u>, 840 F.2d at 688 (quoting <u>United Food & Commercial Workers Union v. Alpha Beta</u> <u>Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " <u>Direct Mail</u>, 840 F.2d at 688 (quoting <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir.1986)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." <u>SEC v. Internet Solutions for Bus.,</u> <u>Inc.</u>, 509 F.3d 1161, 1163 (9th Cir. 2007).

1.   <u>Service on an Individual Natural Person</u>

Federal Rule of Civil Procedure 4(e) governs service on individuals within a judicial district of the United States and provides that a plaintiff may serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, even if service does not comply with one of the three methods described in subsection 2, service is still proper if it complies with the law of the state where the

district court is located, or the state where service is completed.  Id.

California law allows for service upon an individual by personal delivery to the person to be served.  Cal. Civ. Proc. Code § 415.10.  California also allows for substitute service upon an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

As stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party.  See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995) ("As noted in the Legislative comment to the section, 'Personal delivery must be attempted in all cases where this alternative method of service is used.' "); Jes Solar Co. Ltd. v. Tong Soo Chung, 725 F. App'x 467, 470 (9th Cir. 2018) (noting same). Further, "[t]he process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]."  Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b).  Specifically, Section 417.10(a) states:

> Proof that a summons was served on a person within this state shall be made:
>
> (a) If served under Section . . . 415.20 . . . by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

5

Cal. Civ. Proc. Code § 417.10(a). The Judicial Council Comments provide additional guidance for effectuating substitute service on an individual:

> In the case of substituted service pursuant to Section 415.20(b) on a natural person . . . the additional matters that must be stated or shown are: (1) the efforts that had been made by the affiant in an attempt to deliver the papers by hand to the defendant personally, (2) that the place of delivery was the dwelling house, usual place of abode, or usual place of business of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (3) that the person in whose presence the papers had been left was determined after careful inquiry by the process server to be a competent member of the household or a competent person apparently in charge of such business, as the case may be, who was at least 18 years of age, (4) that such person had been informed of the general nature of the papers, and (5) the date a copy of the papers was thereafter mailed (by first-class mail, postage prepaid) to the person to be served at the place of delivery. Several affidavits or certificates may be used to show that these requirements had been met.

Judicial Council Comment to Cal. Civ. Proc. Code § 417.10. Therefore, if substituted service is attempted under Code of Civil Procedure § 415.20(b), the facts establishing reasonable diligence must be set forth in an affidavit, pursuant to Code of Civil Procedure § 417.10.

"The terms 'dwelling house' and 'usual place of abode' take their meaning from the Federal Rules." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); see also Zirbes v. Stratton, 187 Cal.App.3d 1407, 1417 (1986). "The term 'usual place of business' includes a defendant's customary place of employment as well as his own business enterprise." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Schumacher v. Airbnb, Inc., No. C 15-5734 CW, 2016 WL 7826667, at *5 (N.D. Cal. Nov. 9, 2016).

To effectuate service by mailing only, a copy of the summons and complaint must be mailed by first-class mail or airmail to the person to be served, together with two copies of a specific notice and acknowledgement, and a return envelope, postage prepaid and addressed to the sender. Cal. Civ. Proc. Code § 415.30(a). Service is only deemed complete on the date a written acknowledgment of a receipt of summons is executed by the party to be served, and the acknowledgment is returned to the sender. Cal. Civ. Proc. Code § 415.30(c).

2.    Service on Entities

Federal Rule of Civil Procedure 4(h) governs the specific requirements for service of process on a corporation, partnership, or association within a judicial district. Fed. R. Civ. P.

4(h).  Under Rule 4(h)(1), a corporation, partnership, or association can be served: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(A)–(B).

Under subsection (A), the manner for serving an individual pursuant to 4(e)(1) is determined in accordance with the law of the state where the district court is located, or where service of process is made.  Fed. R. Civ. P. 4(e)(1).  Although the term "delivery" under Subsection (B) is not expressly defined by the Federal Rules of Civil Procedure, courts generally hold that Rule 4 requires personal service.  TMX Logistics, Inc. v. FF Trucking, Inc., No. CV1400873PSGASX, 2014 WL 12691618, at *1–2 (C.D. Cal. Sept. 5, 2014) (citations omitted).  "Courts permitting service by mail under Rule 4(h)(1)(B) have specified that the rule is only met when a certificate of receipt is signed by an agent authorized to sign on behalf of the corporation."  Id. (citing Gulley v. Mayo Found., 886 F.2d 161, 164–65 (8th Cir. 1989)).

California state law allows for service upon a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process;" or "[t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process."  Cal. Code Civ. Proc. § 416.10.

Under California law, an unincorporated association, including a partnership, may be served by delivering a copy of the summons and complaint as follows:

> (a) If the association is a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership;
>
> (b) If the association is not a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process;
>
> (c) When authorized by Section 18220 of the Corporations Code, as provided by

that section.

Cal. Civ. Proc. Code § 416.40.[2]  California allows for substitute service on corporations and other entities as follows:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section . . . 416.40 . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).  The Judicial Council Comment provides additional guidance on substitute service on entities:

> If a defendant is a corporate or noncorporate entity, service may be made in the first instance, in lieu of delivery of process to a specified officer or employee of such entity personally, by leaving the papers in his office. These entities include . . . an unincorporated association (including a partnership) (Section 416.40). The officers or employees who may be served on behalf of such entities are enumerated in those sections.
>
> The papers must be delivered to a person who is apparently in charge of such office, such as the personal secretary of the person to be served, and such delivery must be made during the usual office hours. In addition, a copy of the papers thereafter must be mailed (by ordinary first-class mail, postage prepaid) to the person to be served at the place of delivery.
>
> The process server must set forth in his affidavit of service facts showing that these requirements were complied with. (Sections 417.10(a), 417.20(a).)

Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(a).  As stated in the comment, Section 417.10 requires process servers to set forth certain facts in the affidavit of service. Section 417.10 states in relevant part:

> Proof that a summons was served on a person within this state shall be made:
>
> (a) If served under Section . . . 415.20 . . . by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or

---

[2]  Section 18220 of the Corporations Code, referenced in Subsection (c) of Section 416.40, provides for service on a member of the association where an agent has not been designated, or where the designated agent cannot be found with reasonable diligence, and such is shown by affidavit to the satisfaction of the court.  Cal. Corp. Code § 18220.

in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a). Specifically, Section 412.30, referenced in Section 417.10(a), requires a precise notice to be included in the summons, which if not included, precludes entry of default:

In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.

Cal. Civ. Proc. Code § 412.30. "If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be." Id. Additionally, the Judicial Council Comment to Section 417.10 describes additional requirements for the affidavit to demonstrate substitute service on an entity:

In the case of substituted service pursuant to Section 415.20(a) on a corporate or noncorporate entity . . . the affidavit or certificate must state or show, in addition to the time, place, and manner of service, etc., that: (1) the place of delivery is the office of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (2) the time of delivery was during usual office hours, (3) the name and title, if any, of the person to whom the papers were delivered, and that he had been determined by the process server to be the person apparently in charge of such office, and (4) the date a copy of the papers was thereafter mailed (by first-class mail, postage prepaid) to the person to be served at the place of delivery.

Judicial Council Comment to Cal. Civ. Proc. Code § 417.10.

Finally, entities can be served by mail, however as noted above, service is only deemed complete on the date a written acknowledgment of a receipt of summons is executed by the party to be served, and the acknowledgment is returned to the sender. Cal. Civ. Proc. Code § 415.30(c).

**III.**

**DISCUSSION**

A.    **Plaintiffs Must File Proofs of Service for Defendants US Regional Center Services, LLC, and Park Capital Management, LLC, or the Court Shall Recommend Dismissal**

As described above, on September 24, 2019, the Court ordered Plaintiffs to file a notice of status of service within fourteen (14) days of entry of the order because Plaintiffs failed to file proofs of service showing that any Defendants had been served in this action.  (ECF No. 10.) The order informed Plaintiffs that failure to comply with the order may result in a recommendation the action be dismissed for failure to serve in compliance with Rule 4 of the Federal Rules of Civil Procedure.  (Id.)

As of the entry of this order, Plaintiffs have not filed any proofs of service alleging service of the summons and complaint on two defendants, US Regional Center Services, LLC, and Park Capital Management, LLC.  Plaintiffs did not include these two defendants in the request for entry of default.  (ECF No. 12.)  The Court will afford Plaintiffs one additional opportunity to complete service and file proof of such, or if service has been completed, to file such proofs of service demonstrating service upon these two defendants.  If no proofs of service are filed within thirty days of entry of this order, the Court will recommend to the United States district judge assigned to the case that Defendants US Regional Center Services, LLC, and Park Capital Management, LLC, be dismissed from the action entirely.

B.    **Plaintiffs' Request for Entry of Default Against Defendants California Energy Investment Company, LLC, Aementis, Inc., and AE Advanced Fuels, Inc., Shall be Denied and Plaintiffs Must File Proofs of Service or the Court Shall Recommend Dismissal of these Defendants**

Plaintiffs request entry of default against Defendants California Energy Investment Company, LLC, Aementis, Inc., and AE Advanced Fuels, Inc.  (ECF No. 12.)   Plaintiffs have not filed any proofs of service showing service of the complaint on these three defendants. Accordingly, Plaintiffs' request for entry of default against Defendants California Energy Investment Company, LLC, Aementis, Inc., and AE Advanced Fuels, Inc., shall be denied.

Notwithstanding the passing of the deadline in the Court's September 24, 2019 order

requiring Plaintiffs to file proofs of service on all defendants, the Court will afford Plaintiffs one additional opportunity to complete service on these Defendants or file proof of such if service has been completed.  To obtain default against these three defendants Plaintiffs must file proofs of service demonstrating service of the complaint on these defendants, then must file another request for entry of default.  If no proofs of service are filed within thirty days of entry of this order, the Court will recommend to the United States district judge assigned to the case that Defendants California Energy Investment Company, LLC, Aementis, Inc., and AE Advanced Fuels, Inc., be dismissed from the action entirely.

### C. Plaintiffs' Filed Proofs of Service do not Sufficiently Demonstrate Service on Defendants Advanced BioEnergy GP, LLC, and Advanced BioEnergy, LP, and the Request for Entry of Default shall be Denied

Plaintiffs request entry of default against Defendants Advanced BioEnergy GP, LLC, and Advanced BioEnergy, LP.  (ECF No. 12.)  Plaintiffs filed proofs of service that allege service of the summons and complaint on these two Defendants occurred on July 31, 2019.  (ECF No. 11 at 1-2.)  The proofs of service both indicate service was completed at the same address: 20400 Stevens Creek Blvd., Suite 700, Cupertino, California 95014 (the "Cupertino Address").

The return of service form states on its face to "[c]heck one box below to indicate appropriate method of service."  (ECF No. 11 at 1-2.)  As to Advanced BioEnergy, GP, LLC, the process server checked three different boxes indicating service occurred in three different ways.  First, the form indicates service was completed "personally upon the defendant" at the Cupertino Address.  (ECF No. 11 at 1.)   Second, by leaving "copies thereof at the defendant's dwelling house or usual place of bode [sic] with a person of suitable age and discretion then residing therein."  (Id.)  Third, the box is checked indicating service was completed by leaving the summons and complaint with: "unknown, receptionist."  (Id.)

As to the proof of service pertaining to Advanced BioEngergy, LP, the first box is checked indicating service was completed personally upon the Defendant at the Cupertino Address.  (ECF No. 11 at 2.)  While only the first box is checked, the blank for the third box is

filled in with the words "unknown, receptionist." (Id.)[3] Thus, the face of the document alleges personal service on Defendant, in addition to a form of substitute service through leaving the summons and complaint with an unknown receptionist at the Cupertino address. (Id.)

First, the Court finds that the representations made by the process server on the proofs of service on both of these Defendants are facially inconsistent, as they appear to allege that these Defendants were personally served, and also allege that substitute service was effectuated. (ECF No. 11 at 1-2.) Based on these facts alone, the Court must reject Plaintiffs' request for entry of default against these two defendants, as Plaintiffs have failed to show through affidavit or otherwise that these defendants have been properly served and that they failed to plead or otherwise defend. Fed. R. Civ. P. 55(b)(1); Shapour, 2013 WL 6797470, at *1. Further, even if the Court were to assume the process server simply made a mistake in checking the boxes for personal service as to both of these Defendants,[4] the Court still finds outstanding issues with the proofs of service which would preclude the Court from entering default against these entity defendants at this juncture.

The Court takes judicial notice of the following facts pertaining to Advanced BioEnergy GP, LLC, as reflected on the California Secretary of State website: (1) the business address is the Cupertino Address; (2) the registered agent for service of process is Defendant Eric McAfee at the Cupertino Address; and (3) Defendant Joseph Penbera is the Chief Executive Officer. See California Secretary of State Business Entity Search, https://businesssearch.sos.ca.gov (type in entity name in search) (last visited October 9, 2019).[5]

---

[3] The Court notes that all six of the separate proofs of service filed on October 7, 2019, have this blank filled in with the words "unknown receptionist," and all but the Advanced BioEnergy LP, proof of service have the three boxes checked, and allege service was completed on July 31, 2019, at the Cupertino address. (ECF No. 11.) Based on review of all the documents submitted, it appears the process server delivered the complaint and summons at the Cupertino address with an unknown receptionist, and attempted to claim both personal and substitute service on both entity Defendants, and the four individual Defendants, by serving the unknown receptionist at the Cupertino address. However, that is only an informed assumption, as the proofs of service are all facially inconsistent and the Court cannot definitively conclude what the process server has declared.

[4] And in the case of Defendant Advanced BioEnergy, GP, LLC, made a mistake in checking the box claiming substitute service at the usual place of abode or dwelling place with a resident of suitable age residing there, which is a method of substitute service clearly pertaining to serving a person at a residential location, not a business.

[5] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, 442 F.3d at 746 n.6; see also L'Garde, 805 F. Supp. 2d at 938 (taking judicial notice of records searches on the California

The Court also takes judicial notice of the following facts pertaining to Advanced BioEnergy LP, as reflected on the California Secretary of State website: (1) the business address is the Cupertino Address; (2) the registered agent for service of process is Defendant Joseph Penbera at 4921 N. Van Ness Blvd., Fresno, California 93704; and (3) Defendant Advanced BioEnergy GP, LLC, is the general partner for Advanced BioEnergy, LP. See California Secretary of State Business Entity Search, https://businesssearch.sos.ca.gov (type in entity name in search) (last visited October 9, 2019).

Under the Federal Rules, a partnership can be served "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). There is no indication that the unknown receptionist was such officer, a managing or general agent, or agent authorized to receive service of process. But see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process.") (hereinafter "Direct Mail"). In Direct Mail, the Court stated the rules are to be applied to "best effectuate their purpose of giving the defendant adequate notice," and service can be made on "a representative so integrated with the organization that he will know what to do with the papers," and "[g]enerally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Id. (citations omitted). The Ninth Circuit also described the particular extenuating circumstances present where service on a receptionist or like employee is sufficient:

> Generally, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.22[2], at 4–205 (2d ed. 1987).
>
> It is also true that actual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair. Top

Secretary of State corporate search website as the accuracy of such record searches "can be determined by readily accessible resources whose accuracy cannot reasonably be questioned.")

*Form*, 428 F.Supp. at 1251; <u>Nichols v. Surgitool, Inc.</u>, 419 F.Supp. 58, 63 (W.D.N.Y.1976). For example, in <u>Union Asbestos & Rubber Co. v. Evans Prods. Co.</u>, 328 F.2d 949 (7th Cir.1964), service on a secretary was held good but the court noted the extenuating circumstances that the defendant was out of the office 75–80% of the time and that the notice was immediately communicated to the defendant. <u>Id.</u> at 952–53. In <u>Top Form</u>, <u>supra</u>, service on a secretary was also found good but there she "was in practical effect, if not formal title, an assistant manager" of the company; thus she was well enough integrated in the organization to render service on her "fair, reasonable, and just." <u>Id.</u> at 1251.

These authorities mark out the path of our analysis. The company was a rather small one by Eclat's own admission. Presumably, the role played by the receptionist was commensurately large in the structure of the company. She appears to have been the only employee in the office when the process server arrived, demonstrating that more than minimal responsibility was assigned to her. With regard to actual notice, we note the uncontroverted affidavit of Mr. Fotheringill, the credit manager of DMS, who stated that Mr. Bujkovsky complained about the service of process the day after it was made. This evidence of actual receipt of process was bolstered by several statements of fact in the appellant's reply brief indicating that Eclat had actual knowledge no later than the day after service of process. Finally, we note that Mr. Bujkovsky, as a lawyer, should have been well aware of the danger of ignoring process and permitting a default judgment to be entered and taken.

For these reasons, we find service of process on the receptionist in the shared office of Eclat and CT is sufficient to create personal jurisdiction over Eclat under Rule 4(d)(3).

<u>Direct Mail Specialists</u>, 840 F.2d at 689.

Based on the factors discussed in <u>Direct Mail</u>, the Court at this point cannot definitively say that service on the unknown receptionist could never be proper under the Federal Rule of Civil Procedure 4. However, without more factual details, and given the facial inconsistencies on all of the proofs of service, in addition to the fact that it appears the documents were delivered to an unknown receptionist and then the process server claimed both personal and substitute service on four different individuals and two companies at the same time, the Court cannot accept the proofs of service as presented. See, e.g., <u>Evony, LLC v. Aeria Games & Entm't, Inc.</u>, No. C 11-0141 SBA, 2012 WL 12843210, at *7 (N.D. Cal. Sept. 28, 2012) ("<u>Direct Mail</u> is distinguishable from the present case. Here, unlike in <u>Direct Mail</u>, there is no evidence about the individual receiving service, except that she is a receptionist with the Newman Firm . . . For instance, there is no evidence indicating that she played any role in the structure of Feng Investment or had any authority within that organization. Indeed, there is no evidence that

Carrico held any position or maintained any affiliation with Feng Investment. Accordingly, unlike in <u>Direct Mail</u>, it cannot be said that Carrico is a representative so integrated within Feng Investment (i.e., the organization being served) such that delivery of the summons and complaint to her was sufficient to effectuate service on Feng Investment."); <u>Rodriguez v. Lehigh Sw. Cement Co.</u>, No. 14-CV-03537-LHK, 2015 WL 1325528, at *3 (N.D. Cal. Mar. 24, 2015) (under <u>Direct Mail</u> Standard, rejecting service on person who held position of Director that was "prominently listed with the International Vice President, Executive Director" and others on website); <u>Aspire Home Healthcare, Inc. v. Therastaff, LLC</u>, No. 13CV2917-MMA (WMC), 2014 WL 12539703, at *3 (S.D. Cal. Apr. 11, 2014) (rejecting service and distinguishing <u>Direct Mail</u> as in <u>Direct Mail</u>, "there was evidence that the one who received process played an important role in overseeing the corporate office. Moreover, corporate officials received notice of the service the next day . . . Although Plaintiffs' process server encountered Naugles and no other employees, there is no indication that the server asked for the person in charge of the office, to see an officer or agent, or to see Therastaff's authorized agent for service of process. Finally, according to both Hanna and Stone, Naugles did not inform them that she had been served the summons and complaint, and neither Hanna or Stone were aware of the purported service until they received Plaintiffs' request for entry of default. These facts demonstrate that Naugles was not a person who would 'know what to do with the papers.' "); <u>NGV Gaming, Ltd. v. Upstream Point Molate, LLC</u>, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *3 (N.D. Cal. Nov. 24, 2009) ("Here, there is no evidence that Lisa Linder is a person with sufficient authority to accept personal service on behalf of the Band or Agency. As the process server was informed on the day of the purported service, administrative assistant Linder is not a designated agent for service, nor is there any evidence in the record before the Court that she was a person of sufficient authority within the tribe to accept service . . . Further, the process server did not explain what the papers were for. She simply said 'these papers are for Black Oak Gaming.' ").

While California explicitly allows for service on "a business organization, form unknown, by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization," and thereafter

mailing a copy, the business forms here are not unknown, and the rules for service on a partnership are explicit. Cal. Civ. Proc. Code §§ 416.40(a); 415.95(a). Under California law, service on a partnership may be effectuated by delivering the summons and complaint "to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership." Cal. Civ. Proc. Code § 416.40(a).

As the Court took judicial notice of above, Defendant Advanced BioEnergy GP, LLC, is the general partner for Advanced BioEnergy, LP, and thus if service was made upon Advanced BioEnergy GP, LLC, then service may have been effectuated on both Defendants. However, there is no indication that the registered agent for either entity was served, and no indication that the general partner or general manager of Defendant Advanced BioEnergy GP, LLC, was served.

California law allows for substitute service. However, based on the facts presented in the facially inconsistent proofs of service, the Court cannot conclude substitute service was effectuated. Substitute service on the "person to be served as specified in Section . . . 416.40" may be effectuated by "leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint . . . to the person to be served." Cal. Civ. Proc. Code § 415.20(a). In this regard, Plaintiffs may have satisfied this initial hurdle, if the proofs of service were not facially inconsistent claiming multiple methods of service, including residential substitute service. See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(a) ("The papers must be delivered to a person apparently in charge . . . during the usual office hours . . . [and] a copy of the papers thereafter must be mailed . . . [and] [t]he process server must set forth in his affidavit of service facts showing that these requirements were complied with."). The process server did not set sufficiently set forth these facts in the affidavit of service. (ECF No. 11 at 1-2.)

Further, the proofs of service do not appear to satisfy other requirements for substitute service. "Proof that a summons was served . . . shall be made . . . [i]f served under Section . . . 415.20 . . . by the affidavit of the person making the service showing the time, place, and manner

16

of service and facts showing that the service was made in accordance with this chapter," including by "recit[ing] or in other manner show[ing] the name of the person to whom a copy of the summons and complaint were delivered, and if appropriate, his or her tile or capacity in which he or she was served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear." Cal. Civ. Proc. Code § 417.10(a). Additionally, "the affidavit or certificate must state or show, in addition to the time, place, and manner of service, etc., that: (1) the place of delivery is the office of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (2) the time of delivery was during usual office hours, (3) the name and title, if any, of the person to whom the papers were delivered, and that he had been determined by the process server to be the person apparently in charge of such office, and (4) the date a copy of the papers was thereafter mailed . . . to the person to be served." Judicial Council Comment to Cal. Civ. Proc. Code § 417.10. The proofs of service do not indicate whether the notice required by Section 412.30 was included in the summons, and "[i]f such notice does not appear on the copy of the summons served, no default may be taken." Cal. Civ. Proc. Code § 412.30.

The proofs of service also do not indicate the name of the receptionist the papers were delivered to, whether "receptionist" is in fact the title of the person, whether "the person to be served" through substitute service on the receptionist was the registered agent or another member of the partnerships, the time of delivery, and the proofs of service do not facially demonstrate mailing directly to the person to be served. See Singh v. Bunch, No. 115CV00646DADBAM, 2017 WL 2911575, at *3 (E.D. Cal. July 7, 2017) (finding proof of service to be "facially defective" under California law and Local Rule 210(b) which both require the name of the of the person to whom the summons was delivered, and the proof of service only indicated that copies of the summons were left with the "Clerk at Window," a "reference [that] falls far short of the detail required under state law and the Local Rules."); Esget v. TCM Fin. Servs. LLC, No. 1:11-CV-00062 OWW, 2011 WL 4089550, at *2 (E.D. Cal. Sept. 13, 2011) (denying default judgment as "Plaintiff's proof of service indicates that her process server left copies of the summons and complaint, civil cover sheet, notice of interested parties, and other documents,

with 'Richard (Doe)' at" an address without a specific suite number identified, and "[b]ecause substitute rather than personal service was effected, the Court [was] concerned the summons and complaint may not have found their way to Mr. Jimenez or perhaps to any TCM Financial Services LLC employee, as no particular suite number appears on the declaration of service or on subsequent proofs of service by mail.").[6]

For all of the above reasons, the Court finds that Plaintiffs have not "shown by affidavit or otherwise," that Defendants Advanced BioEnergy GP, LLC, and Advanced BioEnergy, LP, have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(b)(1). Accordingly, Plaintiffs' request for entry of default against these two defendants shall be denied without prejudice, and Plaintiffs shall be afforded thirty days to submit amended proofs of service, supplemental affidavits, or if they feel necessary, attempt to re-serve and file new proofs of service.

### D.     Plaintiffs have not Sufficiently Shown Service on the Defendants Eric McAfee, Adam McAfee, Joseph Penbera, or Michael Penbera

Plaintiffs request entry of default against individual Defendants Eric McAfee, Adam McAfee, Joseph Penbera, and Michael Penbera. (ECF No. 12.) Plaintiffs submit proofs of service alleging service on these four individuals on July 31, 2019, at the Cupertino Address, and the process server again checks three different boxes for each proof of service, despite the form clearly directing the server to only check one box indicating a method of service: (1) the box indicating personal service at the Cupertino address; (2) the box stating copies of the documents were left at the dwelling or usual place of abode with a person of suitable age and discretion residing there; and (3) the box stating that the summons and complaint were left with: "unknown,

---

[6] It appears that a true legal name is not strictly required by some courts depending on the circumstances. See Trackman v. Kenney, 187 Cal.App.4th 175, 183-85, 114 Cal.Rptr.3d 619, 624-26 (2010) ("Persons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as 'John Doe' or similar fictitious name, or by description. Although we have not found a case directly addressing this point, several cases have upheld such proofs of service without disapproval . . . The evident purpose of the requirement that the proof of service 'recite or in other manner show the name' (§ 417.10, subd. (a)) of the recipient is to enable the recipient to be located in the future, should the claim of service be challenged. The statement that 'John Doe, co-resident' received service at a specific address satisfies this purpose. Generally speaking, it would not be difficult for Kenney to determine who was living at the house he concededly owned on the relevant date, in order to contest service."). In Trackman, the server's declaration showed three attempts of personal service at the residence which was "publicly registered by the defendant." Id.

18

receptionist." (ECF No. 11 at 3-6.)

First, as in the case of the entity Defendants discussed in the previous section, the Court finds that the representations made by the process server on the proofs of service are facially inconsistent as they appear to claim that personal service was effectuated, as well as substitute service both through service at a residence, as well as through leaving the documents with the unknown receptionist at the Cupertino Address. (ECF No. 11 at 3-6.) Based on these inconsistencies on the face of the proofs of service alone, the Court must deny Plaintiffs' request for entry of default against these defendants, as Plaintiffs have failed to sufficiently show through affidavit or otherwise that these defendants have been properly served and that they failed to plead or otherwise defend. Fed. R. Civ. P. 55(b)(1); <u>Shapour</u>, 2013 WL 6797470, at *1.

The Court has further concerns regarding the sufficiency of each alleged form of service. Given it appears most likely that if any delivery of the documents was in fact completed, it was through delivery to the unknown receptionist at the office located at the Cupertino Address, the Court finds it unlikely that each of these four individual Defendants were also personally served in compliance with the federal or California state law regarding personal service of individuals on the same date. Fed. R. Civ. P. 4(e)(2)(A); Cal. Civ. Proc. Code § 415.10; L.R. 210(b) ("When service is made by personal delivery, it shall show the hour, the particular address or vicinity at which service was made, the name and address of the person served, and the name and address of the person making the service."). Additionally, there is no indication that service was in fact completed at any address other than the business office located at the Cupertino Address, and therefore the Court finds it entirely implausible, based on the various proofs of service submitted, that any of these defendants were served through substitute service at a residential address. Fed. R. Civ. P. 4(e)(2)(B); Cal. Civ. Proc. Code § 415.10(b). Similarly, there is also no indication that these individuals authorized this unknown receptionist to accept service of process on behalf of these individuals and given the nature of the proofs of service filed, the Court finds it implausible that all four of these individuals authorized such. Fed. R. Civ. P. 4(e)(2)(C).

Further, even if the Court were to assume the process server intended only to demonstrate a form of substitute service at the business office at the Cupertino Address and simply made a

mistake in checking the boxes for personal service and in checking the boxes claiming substitute service at the Defendant's usual place of abode or dwelling place, the Court still finds outstanding issues with the proofs of service which would likely preclude the Court from entering default against these entity defendants. The process server should pay attention to these issues when completing the form as the law requires compliance before a court can enter a default for failure to respond on the part of a defendant. The Court brings these issues to the attention of Plaintiffs so they may consider amending the proofs of service or re-serving the summons and complaint on these individual Defendants before submitting a renewed request for entry of default.

California allows for substitute service on an individual "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office." Cal. Civ. Proc. Code § 415.20(b). However, as stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party. See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett, 33 Cal.App.4th at 1477. "The process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b). "Proof that a summons was served . . . shall be made . . . [i]f served under Section . . . 415.20 . . . by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter . . . [and] shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered." Cal. Civ. Proc. Code § 417.10(a). Further, "[i]n the case of substituted service pursuant to Section 415.20(b) on a natural person . . . the additional matters that must be stated or shown are: (1) the efforts that had been made by the affiant in an attempt to deliver the papers by hand to the defendant personally, (2) that the place

of delivery was the dwelling house, usual place of abode, or usual place of business of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (3) that the person in whose presence the papers had been left was determined after careful inquiry by the process server to be a competent member of the household or a competent person apparently in charge of such business, as the case may be, who was at least 18 years of age, (4) that such person had been informed of the general nature of the papers and (5) the date a copy of the papers was thereafter mailed." Judicial Council Comment to Cal. Civ. Proc. Code § 417.10.

The submitted proofs of service, on their face, do not satisfy the requirements for substitute service under California law. Most concerning to the Court is that it appears that no efforts were made to effectuate personal service on these defendants prior to apparently alleging to complete substitute service by leaving copies of the summons and complaint with an unknown receptionist at the Cupertino Address. See, e.g., Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477–78 (1995) (noting that generally, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made . . . [here,] [t]here was not even *one* attempt made to effect personal service. The papers were unceremoniously dumped on the desk of a deputy clerk."); Ross v. White, No. 217CV04149ODWJC, 2018 WL 3583033, at *3 (C.D. Cal. July 24, 2018) ("Here, Plaintiff does not provide a declaration of diligence showing that Plaintiff previously attempted to personally serve Harris on multiple occasions . . . [t]herefore, the proof of service does not show that Harris was properly served."); Bd. of Trustees of Leland Stanford Junior Univ. v. Ham, 216 Cal.App.4th 330, 337 (2013) (stating "the burden is on the plaintiff to show that the summons and complaint cannot with reasonable diligence be personally delivered to the individual defendant . . . two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as reasonable diligence.") (internal quotation marks and citations omitted).

For all of the foregoing reasons, the Court finds that Plaintiffs have not "shown by affidavit or otherwise," that Defendants Eric McAfee, Adam McAfee, Joseph Penbera, and Michael Penbera, have been properly served or "failed to plead or otherwise defend." Fed. R.

Civ. P. 55(b)(1); Shapour, 2013 WL 6797470, at *1.  Accordingly, Plaintiffs' request for entry of default against these four Defendants shall be denied without prejudice, and Plaintiffs shall be afforded an opportunity to submit amended affidavits, supplemental briefing, or if they feel necessary given the concerns put forth by the Court and explanation of applicable law, may attempt to re-serve and file proofs of service within thirty days of service of this order.

### E.    Concluding Remarks to the *Pro Se* Plaintiffs

Plaintiffs filed this action on July 1, 2019.  (ECF No. 1.)  Ninety days after the date of the date of filing was September 29, 2019.  As explained in the Court's September 24, 2019, order, Rule 4(m) of the Federal Rules of Civil Procedure addresses the time requirements for service of the complaint in civil cases, and provides:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Unless service is waived, proof of service must be made to the Court, and unless the U.S. Marshal serves, proving service must be accomplished by an affidavit of the server.  Fed. R. Civ. P. 4(l)(1).  In the Court's September 24, 2019 order, the Court ordered Plaintiffs to file a status of service regarding all defendants in this action within fourteen days of that order.  (ECF No. 10.)  By way of this order, the Court shall now afford Plaintiffs an additional thirty days from the date of service to address the issues explained in this order regarding the proofs of service submitted thus far, as well as to provide proofs of service for the Defendants whom Plaintiffs have not submitted any proofs of service.

The Court is cognizant that a signed declaration from a process server is prima facie evidence of service that can only be rebutted by strong and convincing evidence.  See Internet Solutions for Bus., Inc., 509 F.3d 1161 at 1163; Chambers v. Knight, No. 18-CV-02906-BAS-BGS, 2019 WL 1923936, at *4 (S.D. Cal. Apr. 30, 2019) ("Because this affidavit constitutes prima facie evidence of proper service, Defendant Knight has the burden to establish by "strong and convincing proof" that service was improper . . . Defendant Knight cannot meet this burden now because he has not appeared.").  However here, the Court finds that the proofs of service fail

to even rise to the level of prima facie evidence due to the inconsistent information contained plainly on the face of each of the proofs of service. See Dill v. Berquist Constr. Co., 24 Cal.App.4th 1426, 1441–42, 29 Cal.Rptr.2d 746, 755 (1994) ("It has been held that the filing of a proof of service creates a rebuttable presumption that the service was proper . . . [h]owever, that presumption arises only if the proof of service complies with the statutory requirements regarding such proofs . . . [h]ere, the proofs of service show that the mail . . . [was not sent] to any of the permissible persons to be served . . . [t]herefore, the proofs of service failed to comply with the minimum statutory requirements, and no presumption of proper service ever arose.") Alternatively, the inconsistent information on the face of the documents presents strong and convincing evidence to overcome any presumption, as the differing forms of service attested to cannot plausibly be true at once, based on the totality of the information in the documents submitted. Coupled with the inconsistencies on the face of the declarations from the process server is the fact that even if the Court were permitted to accept one of the forms of service declared on the forms as the true action taken by the process server, the Court still cannot find Plaintiffs have shown adequate service for the reasons discussed above.

The Court is also cognizant that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail, 840 F.2d at 688 (quoting United Food, 736 F.2d at 1382). Additionally, under California law, "[s]tatutes governing substitute service shall be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." Ellard v. Conway, 94 Cal.App.4th 540, 544, 114 Cal.Rptr.2d 399, 401–02 (2001) (citations and internal quotation marks omitted). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " Direct Mail, 840 F.2d at 688 (quoting Benny v. Pipes, 799 F.2d at 492).

Relevant to these principles, Plaintiff Xeujun Makhsous submits an affidavit in support of the request for entry of default which alleges contact with Defendant Eric McAfee, who "on behalf of all other Defendants, tried to coerced [sic] plaintiffs to sign a general release," and thus imputes knowledge to Eric McAfee of this action, and perhaps other unspecified defendants.

(ECF No. 12 at 2-3.) However, the affidavit contains an inconsistency apparent to the Court on the face of the document. Plaintiff declares that "[o]n August 23, 2019[,] Defendant Eric McAfee called me and informed me that the Court hearing on September 10 was delayed." (ECF No. 12 at 2.) However, the Court did not reset the scheduling conference scheduled for September 10, 2019, until the Court issued an order on August 28, 2019. (ECF No. 7.) While this may have been an oversight or typographical error on part of Plaintiff, given the other inconsistencies apparent on the face of the proofs of service, the fact that Plaintiffs seek entry of default against three defendants with no accompanying documents even purporting to be proofs of service corresponding to those three defendants, the other reasons described above concerning whether service would have been proper even accepting some of the facts proffered in the proofs of service, and the totality of the record, the Court cannot find any defendants have received notice or that Plaintiffs have substantially complied with the laws regulating service of process.

The Court also recognizes the Plaintiffs are proceeding *pro se* in this action. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."). However, Plaintiffs' *pro se* status does not excuse them from the mandates of the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting the U.S. Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel . . . in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (internal quotation marks and citations omitted). The Court emphasizes here that it is not denying the requests for entry of default *with* prejudice, and the Court is granting Plaintiffs additional time to demonstrate proper service to the Court, despite the 90-day deadline for service having passed under Federal Rule of Civil Procedure 4(m), and despite the Court's September 24, 2019 order that required Plaintiffs to file a notice of status of service within fourteen (14) days of entry of the order due to their failure to timely submit proofs of service. (ECF No. 10.)

Given the Plaintiffs' *pro se* status, and the fact that no defendant has yet to make an appearance or directly challenged service, the Court finds it appropriate and in the interests of justice to afford Plaintiffs additional time to complete or demonstrate proper service. To this end, the Court has extensively set forth above the applicable legal standards governing service of process under the Federal Rules and California law so that Plaintiffs may be informed on these standards when they address the facial inconsistencies in the proofs of service, and so that the *pro se* Plaintiffs may make an informed decision on whether to proceed by filing amended proofs of service or affidavits explaining how service was proper, or whether to proceed by attempting service in another manner on one or more of the defendants. See Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service" and "[t]he court may permit proof of service to be amended."); Judicial Council Comment to Cal. Civ. Proc. Code § 417.10 ("if the process is in correct form, properly issued and served, and the proof of service is timely filed with the clerk, a defective affidavit will not destroy jurisdiction; the court may permit an amendment of the affidavit to conform to the facts."); Ginns v. Shumate, 65 Cal.App.3d 802, 806 (1977) ("We have examined the document carefully and see no fatal flaw which cannot readily be corrected by amended return or testimony as to service.")

For the reasons stated above, the Court finds Plaintiffs have not sufficiently demonstrated the "fail[ure] to plead or otherwise defend . . . shown by affidavit or otherwise," by the proofs of service and Plaintiff's affidavit filed in this action. Fed. R. Civ. P. 55. Accordingly, the Court shall deny Plaintiffs' request for entry of default. Bibbs v. Tilton, No. 1:11-CV-01012-GSA-PC, 2011 WL 6130901, at *2 (E.D. Cal. Dec. 8, 2011) ("Because Plaintiff has not demonstrated that any of the Defendants was properly and successfully served, he is not entitled to entry of default against any of the Defendants."). The Court's denial of the request to enter default is without prejudice to Plaintiffs right to re-submit the request with adequate proof of service on Defendants, whether through supplemental affidavits from the process server, amended proofs of service, supplement briefing or affidavits from Plaintiffs, or re-service of the complaint and summons by a method and with documentation that clearly demonstrates the Defendants have been properly served in this action.

**IV.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is DIRECTED to update the docket to reflect the correct spellings of the following defendants:

    a.  Advanced BioEngery, LP, shall be changed to Advanced BioEnergy, LP;

    b.  Advanced BioEngery GP, LLC, shall be changed to Advanced BioEnergy GP, LLC;

    c.  California Engery Investment Company, LLC, shall be changed to California Energy Investment Company, LLC;

2.  Plaintiffs' request for entry of default (ECF No. 12) is DENIED without prejudice;

3.  The Clerk of the Court is DIRECTED to ABSTAIN from entering default against any defendant pursuant to Plaintiffs' request filed October 7, 2019 (ECF No. 12);

3.  Within thirty (30) days of service of this order, Plaintiffs shall either file proofs of service, amended proofs of service, supplemental affidavits, or other briefing that demonstrates proper service of the complaint and summons on the defendants named in this action; and

4.  The Clerk of the Court is DIRECTED to mail a copy of this order to Defendants at the following addresses: (1) 20400 Stevens Creek Blvd., Suite 700, Cupertino, California 95014; and (2) 4921 N. Van Ness Blvd., Fresno, California, 93704.

///
///
///
///
///
///
///

Plaintiffs are advised that the failure to comply with this order will result in the recommendation of dismissal of any defendant not shown to have been properly served with the complaint and summons in accordance with the requirements of Federal Rule of Civil Procedure 4 and the California Code of Civil Procedure.

IT IS SO ORDERED.

Dated:  **October 24, 2019**

UNITED STATES MAGISTRATE JUDGE