# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAN TING LONG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ERIC MCAFEE, et al.,<br><br>    Defendants. | Case No. 1:19 -cv-00898-DAD-SAB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS PREMATURE<br><br>(ECF No. 14) |

On July 1, 2019, Wang Ting Long and Xuejun Makhsous ("Plaintiffs") filed this action alleging violations of the Federal Securities Act and California law. (ECF No. 1.) Currently before the Court is Plaintiffs' motion for default judgment filed on November 12, 2019. (ECF No. 14.) Plaintiffs' motion shall be denied as premature as no defendant has had default entered against them, a necessary condition prior to the entering of default judgment. The Court also sets out the legal standards below to inform the *pro se* Plaintiffs of the factors the Court considers on a motion for default judgment so Plaintiffs are aware of the applicable legal standards if they choose to seek default judgment again after obtaining an entry of default.

### A. Legal Standard for Default Judgment

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472

1

1 (9th Cir. 1986)). Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Entry of default must be obtained prior to entry of default judgment, and entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b). Federal Rule of Civil Procedure 55(b)(2) provides the framework for the Court to enter a default judgment:

(b) Entering a Default Judgment.

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> >
> > (B) determine the amount of damages;
> >
> > (C) establish the truth of any allegation by evidence; or
> >
> > (D) investigate any other matter.

Fed. R. Civ. P. 55.

The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. California Security Cans, 238 F.Supp. 1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

///

///

### B. Plaintiffs' Motion Shall be Denied as Premature

On October 7, 2019, Plaintiffs filed a request for entry of default against multiple defendants in this action. (ECF No. 12.) On October 25, 2019, the Court denied Plaintiffs' request without prejudice because Plaintiffs had not shown proper service on any of the defendants, a necessary condition prior to the entry of default. (ECF No. 13.) The Court ordered Plaintiffs to file, within thirty days of service of the order, documents demonstrating service had been properly completed on the defendants that Plaintiffs wished to entry of default against. (ECF No. 13.) Plaintiffs have not yet filed any such documents demonstrating proper service, nor have they again sought entry of default following the denial of Plaintiff's prior request for entry of default. **The Court reminds Plaintiffs that the thirty-day deadline to do so is quickly approaching, and failure to comply with the Court's previous orders requiring service on the defendants will result in a recommendation of dismissal of any defendant not shown to have been properly served with the complaint and summons in this action.**

No default has been entered in this matter and thus Plaintiffs' motion for default judgment is premature. See Symantec Corp. v. Glob. Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting the two-step process under Rule 55 of entering default and then entering a default judgment); Ortiz v. Diversified Consultants, Inc., No. 217CV0713TLNKJNPS, 2017 WL 3593728, at *3-4 (E.D. Cal. Aug. 21, 2017) (denying motion for default judgment in part as premature due to no entry of default being entered); Thielwisemiller v. Eder, No. 3:14-CV-00064-MMD, 2014 WL 1796323, at *3 (D. Nev. May 6, 2014) (denying motion for default judgment as premature as entry of default is a "precondition to the entry of a default judgment.").

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for default judgment (ECF No. 14) is DENIED without prejudice as it is premature.

IT IS SO ORDERED.

Dated: **November 14, 2019**

UNITED STATES MAGISTRATE JUDGE