# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAN TING LONG, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ERIC MCAFEE, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00898-DAD-SAB<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO CORRECT PARTY NAME<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO TERMINATE PARK CAPITAL MANAGEMENT, LLC, AND U.S. REGIONAL CENTER SERVICES, LLC, AS DEFENDANTS IN THIS ACTION<br><br>ORDER DENYING PLAINTIFFS' UPDATED REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR RECONSIDERATION AND DIRECTING CLERK OF COURT TO ABSTAIN FROM ENTERING DEFAULT<br><br>ORDER REQUIRING PLAINTIFFS TO SUBMIT AFFIDAVIT OF PROCESS SERVER<br><br>(ECF Nos. 16, 17, 18)<br><br>**THIRTY-DAY DEADLINE** |

Currently before the Court are Plaintiffs' updated request for entry of default, and Plaintiffs' motion for reconsideration of the Court's October 25, 2019 order denying entry of default. Having considered the moving papers and exhibits attached thereto, the Court issues the following order denying Plaintiffs' motion for reconsideration and denying Plaintiffs' request for

entry of default.  Additionally, the Court shall require Plaintiffs to submit an affidavit from the process server Queenie Orteza explaining the modifications made to the proofs of service, or the Court shall recommend dismissal of this action as no defendant has been shown to have been properly served.  The Court also advises the Plaintiffs that the Court may call a live evidentiary hearing and require the process server to appear in person to testify to the Court concerning how the process server made the modifications to the proofs of service and how service was effectuated.

## I.

## INTRODUCTION AND BACKGROUND

On July 1, 2019, Wang Ting Long and Xuejun Makhsous ("Plaintiffs"), proceeding *pro se*, filed this action alleging violations of the Federal Securities Act and California law.  (ECF No. 1.)  On July 2, 2019, the Court issued summonses and an order setting the mandatory scheduling conference.  (ECF Nos. 3, 4, 5.)  The July 2, 2019 order setting the mandatory scheduling conference informed Plaintiffs that they were to "diligently pursue service of the summons and complaint" and "promptly file proofs of the service."  (ECF No. 5 at 1.)  On September 24, 2019, because Plaintiffs failed to file proofs of service showing that Defendants had been served in this action, the Court ordered Plaintiffs to file a notice of status of service within fourteen (14) days of entry of the order.  (ECF No. 10.)  The order informed Plaintiffs that failure to comply with the order may result in a recommendation the action be dismissed for failure to serve in compliance with Rule 4 of the Federal Rules of Civil Procedure.  (Id.)

On October 7, 2019, Plaintiffs filed, and on October 9, 2019, the Court docketed, proofs of service alleging service of the summonses and complaint on the following defendants: (1) Advanced BioEnergy GP, LLC; (2) Advanced BioEnergy, LP; (3) Eric McAfee; (4) Michael Penbera; (5) Joseph Penbera; and (6) Adam McAfee.  (ECF No. 11.)  As of that date, Plaintiffs had not filed any documents alleging service of the summons and complaint on the following defendants: (1) California Energy Investment Company, LLC; (2) Aemetis, Inc.;[1] (3) AE

---

[1] Based on a photograph of the company's reception area (ECF No. 16 at 14), it appears "Aementis" is an incorrect spelling of the company's name entered on the docket, and the correct spelling is "Aemetis."  The Court has taken judicial notice of the records of the California Secretary of State website which reflect the correct spelling.  See

1 Advanced Fuels, Inc.; (4) U.S. Regional Center Services, LLC; and (5) Park Capital Management, LLC. On October 7, 2019, Plaintiffs filed a request for entry of default against all of the previously referenced defendants except for U.S. Regional Center Services, LLC, and Park Capital Management, LLC. (ECF No. 12.)

On October 25, 2019, the Court denied Plaintiffs' request for entry of default. (ECF No. 13.) In the Court's order, the Court advised Plaintiffs they were required to file proofs of service demonstrating service on the defendants that Plaintiffs had submitted no proofs of service pertaining to, and file amended proofs of service or supplemental affidavits demonstrating proper service had been completed on the defendants that Plaintiffs sought entry of default against. (Id.) On November 21, Plaintiffs filed three separate documents in response to the Court's order. The first filing is entitled a "motion to reconsider," and refers to the court's order dated October 24 denying Plaintiffs' request for default judgment. (Mot. Recons. ("Mot."), ECF No. 16.) Although the filing refers to a denial of default judgment, the Court construes this filing as a motion to reconsider the Court's order signed on October 24, 2019, and entered on October 25, 2019, denying Plaintiffs' request for entry of default. (ECF No. 13.)[2] The Plaintiffs also filed a

---

California Secretary of State Business Entity Search, https://businesssearch.sos.ca.gov (type in entity name in search) (last visited December 9, 2019). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of records searches on the California Secretary of State corporate search website as the accuracy of such record searches "can be determined by readily accessible resources whose accuracy cannot reasonably be questioned."). The Court shall direct the Clerk of the Court to update the docket to reflect the correct spelling.

[2] On November 15, 2019, the Court did in fact deny Plaintiffs' motion for default judgment as premature due to no entry of default being entered, a prerequisite to entry of default judgment. (ECF Nos. 14, 15.) However, given the order denying default judgment was not mailed to Plaintiffs until November 15, 2019, and the motion to reconsider was signed by Plaintiffs on November 18, 2019, the Court is confident that Plaintiffs' filing is a direct response to the Court's October 24 order denying entry of default and which ordered Plaintiffs to file supplemental briefing and renew their request for entry of default. (ECF No. 13.) Further, the Court does not construe the request for reconsideration to be a request for reconsideration by a District Judge. Pursuant to Local Rule 303 entitled "Reconsideration by a District Judge," "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties." L.R. 303(c). The request must be captioned: "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." Id. Under the Local Rules, "[r]ulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties." L.R. 303(b). Plaintiffs' filing does not meet any of these requirements. The *pro se* Plaintiffs are advised they may seek reconsideration of this order by the District Judge assigned to the action by filing such request within fourteen (14) days of service.

1 document entitled "updated request for entry of default," with an attached proposed order that is
2 entitled "proposed default judgment order." (ECF No. 17.) Additionally, Plaintiffs filed a
3 supplemental affidavit by Plaintiff Xuejun Makhsous ("Makhsous"), describing certain efforts to
4 contact and serve the defendants in this action. (Suppl. Aff. Xuejun Makhsous ("Makhsous
5 Aff."), ECF No. 18.)

For the reasons explained in this order, Plaintiffs' motion for reconsideration and updated request for entry of default shall be denied, and Plaintiffs shall be required to provide an affidavit from the process server explaining the modifications made to the proofs of service within thirty (30) days of service of this order or the Court will recommend dismissal of this action. The Court may also require a live evidentiary hearing whereby the process server will be required to appear in person to testify as to the modifications made to the originally submitted proofs of service.

**III.**

**LEGAL STANDARD**

As Plaintiffs are appearing *pro se*, below the Court has reproduced the extensive discussion of the standards applicable to service of process that the Court provided in the previous order entered on October 25, 2019. (ECF No. 13.)

**A.    Entry of Default under Rule 55**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(b)(1). Before a default is entered, the "court clerk must be satisfied from Plaintiff'[s] request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person." Shapour v. California, Dep't of Transp., No. 1:13-CV-1682 AWI-BAM, 2013 WL 6797470, at *1 (E.D. Cal. Dec. 19, 2013) (citations omitted).

///

**B.    Jurisdiction and Service of the Complaint**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Federal Rule of Civil Procedure 4.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982)); see also Chambers v. Knight, No. 18-CV-02906-BAS-BGS, 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail, 840 F.2d at 688 (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' "  Direct Mail, 840 F.2d at 688 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986)).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).  "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  SEC v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007).

1.    Service on an Individual Natural Person

Federal Rule of Civil Procedure 4(e) governs service on individuals within a judicial district of the United States and provides that a plaintiff may serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, even if service does not comply with one of the three methods described in subsection 2, service is still proper if it complies with the law of the state where the district court is located or where service is completed. Id.

In addition to service upon an individual by personal delivery, Cal. Civ. Proc. Code § 415.10, California also allows for substitute service upon an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

As stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party. See Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995) ("As noted in the Legislative comment to the section, 'Personal delivery must be attempted in all cases where this alternative method of service is used.' "); Jes Solar Co. Ltd. v. Tong Soo Chung, 725 F. App'x 467, 470 (9th Cir. 2018) (noting same). Further, "[t]he process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b). Specifically, Section 417.10(a) states:

> Proof that a summons was served on a person within this state shall be made:
>
> (a) If served under Section . . . 415.20 . . . by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a). The Judicial Council Comments provide additional guidance for effectuating substitute service on an individual:

> In the case of substituted service pursuant to Section 415.20(b) on a natural person . . . the additional matters that must be stated or shown are: (1) the efforts that had been made by the affiant in an attempt to deliver the papers by hand to the defendant personally, (2) that the place of delivery was the dwelling house, usual place of abode, or usual place of business of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (3) that the person in whose presence the papers had been left was determined after careful inquiry by the process server to be a competent member of the household or a competent person apparently in charge of such business, as the case may be, who was at least 18 years of age, (4) that such person had been informed of the general nature of the papers, and (5) the date a copy of the papers was thereafter mailed (by first-class mail, postage prepaid) to the person to be served at the place of delivery. Several affidavits or certificates may be used to show that these requirements had been met.

Judicial Council Comment to Cal. Civ. Proc. Code § 417.10. Therefore, if substituted service is attempted under Code of Civil Procedure § 415.20(b), the facts establishing reasonable diligence must be set forth in an affidavit, pursuant to Code of Civil Procedure § 417.10.

"The terms 'dwelling house' and 'usual place of abode' take their meaning from the Federal Rules." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); see also Zirbes v. Stratton, 187 Cal.App.3d 1407, 1417 (1986). "The term 'usual place of business' includes a defendant's customary place of employment as well as his own business enterprise." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b); Schumacher v. Airbnb, Inc., No. C 15-5734 CW, 2016 WL 7826667, at *5 (N.D. Cal. Nov. 9, 2016).

To effectuate service by mailing only, a copy of the summons and complaint must be mailed by first-class mail or airmail to the person to be served, together with two copies of a specific notice and acknowledgement, and a return envelope, postage prepaid and addressed to the sender. Cal. Civ. Proc. Code § 415.30(a). Service is only deemed complete on the date a written acknowledgment of a receipt of summons is executed by the party to be served, and the acknowledgment is returned to the sender. Cal. Civ. Proc. Code § 415.30(c).

  2. <u>Service on Entities</u>

Federal Rule of Civil Procedure 4(h) governs the specific requirements for service of

process on a corporation, partnership, or association within a judicial district. Fed. R. Civ. P. 4(h). Under Rule 4(h)(1), a corporation, partnership, or association can be served: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)–(B).

Under subsection (A), the manner for serving an individual pursuant to 4(e)(1) is determined in accordance with the law of the state where the district court is located, or where service of process is made. Fed. R. Civ. P. 4(e)(1). Although the term "delivery" under Subsection (B) is not expressly defined by the Federal Rules of Civil Procedure, courts generally hold that Rule 4 requires personal service. TMX Logistics, Inc. v. FF Trucking, Inc., No. CV1400873PSGASX, 2014 WL 12691618, at *1–2 (C.D. Cal. Sept. 5, 2014) (citations omitted). "Courts permitting service by mail under Rule 4(h)(1)(B) have specified that the rule is only met when a certificate of receipt is signed by an agent authorized to sign on behalf of the corporation." Id. (citing Gulley v. Mayo Found., 886 F.2d 161, 164–65 (8th Cir. 1989)).

California state law allows for service upon a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process;" or "[t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10.

Under California law, an unincorporated association, including a partnership, may be served by delivering a copy of the summons and complaint as follows:

> (a) If the association is a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership;
>
> (b) If the association is not a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process;

8

(c) When authorized by Section 18220 of the Corporations Code, as provided by that section.

Cal. Civ. Proc. Code § 416.40.[3] California allows for substitute service on corporations and other entities as follows:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section . . . 416.40 . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a). The Judicial Council Comment provides additional guidance on substitute service on entities:

> If a defendant is a corporate or noncorporate entity, service may be made in the first instance, in lieu of delivery of process to a specified officer or employee of such entity personally, by leaving the papers in his office. These entities include . . . an unincorporated association (including a partnership) (Section 416.40). The officers or employees who may be served on behalf of such entities are enumerated in those sections.
>
> The papers must be delivered to a person who is apparently in charge of such office, such as the personal secretary of the person to be served, and such delivery must be made during the usual office hours. In addition, a copy of the papers thereafter must be mailed (by ordinary first-class mail, postage prepaid) to the person to be served at the place of delivery.
>
> The process server must set forth in his affidavit of service facts showing that these requirements were complied with. (Sections 417.10(a), 417.20(a).)

Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(a). As stated in the comment, Section 417.10 requires process servers to set forth certain facts in the affidavit of service. Section 417.10 states in relevant part:

> Proof that a summons was served on a person within this state shall be made:
>
> (a) If served under Section . . . 415.20 . . . by the affidavit of the person making

---

[3] Section 18220 of the Corporations Code, referenced in Subsection (c) of Section 416.40, provides for service on a member of the association where an agent has not been designated, or where the designated agent cannot be found with reasonable diligence, and such is shown by affidavit to the satisfaction of the court. Cal. Corp. Code § 18220.

9

the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a). Specifically, Section 412.30, referenced in Section 417.10(a), requires a precise notice to be included in the summons, which if not included, precludes entry of default:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.

Cal. Civ. Proc. Code § 412.30. "If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be." Id. Additionally, the Judicial Council Comment to Section 417.10 describes additional requirements for the affidavit to demonstrate substitute service on an entity:

> In the case of substituted service pursuant to Section 415.20(a) on a corporate or noncorporate entity . . . the affidavit or certificate must state or show, in addition to the time, place, and manner of service, etc., that: (1) the place of delivery is the office of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (2) the time of delivery was during usual office hours, (3) the name and title, if any, of the person to whom the papers were delivered, and that he had been determined by the process server to be the person apparently in charge of such office, and (4) the date a copy of the papers was thereafter mailed (by first-class mail, postage prepaid) to the person to be served at the place of delivery.

Judicial Council Comment to Cal. Civ. Proc. Code § 417.10.

Finally, entities can be served by mail, however, service is only deemed complete on the date a written acknowledgment of a receipt of summons is executed by the party to be served, and the acknowledgment is returned to the sender. Cal. Civ. Proc. Code § 415.30(c).

10

# III.

# DISCUSSION

### A. The Court Shall Direct the Clerk of the Court to Terminate Defendants U.S. Regional Center Services, LLC, and Park Capital Management, LLC

In the Court's October 25, 2019 order denying Plaintiffs' request for entry of default, the Court ordered Plaintiffs to file proofs of service pertaining to Defendants U.S. Regional Center Services, LLC, and Park Capital Management, LLC, or the Court would recommend dismissal of such defendants. (ECF No. 13.) In their motion for reconsideration, Plaintiffs state these defendants could not be located and have notified the Court that Plaintiffs "hereby move to voluntarily dismiss" these defendants. (Mot. 9.)

Rule 41(a) of the Federal Rules of Civil Procedure allows a party to dismiss some or all of the defendants in an action through a Rule 41(a) notice. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). The Ninth Circuit has held that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078.

Accordingly, the Court shall direct the Clerk of the Court to terminate Defendants U.S. Regional Center Services, LLC, and Park Capital Management, LLC, as defendants in this action.[4]

### B. The Facts and Arguments Presented by Plaintiffs

The Court will now summarize the facts and arguments presented by Plaintiffs as they have been set forth in their motion for reconsideration and associated filings. (ECF Nos. 16, 17, 18.)

---

[4] Plaintiffs also state they "are willing to move to voluntarily dismiss Michael Penbera" as a defendant in this action, as Plaintiffs believe Michael Penbera is no longer active in operating California Energy Investment Company, LLC (Mot. 6), however they have not expressly moved for dismissal as of yet, and thus the Court will not terminate Michael Penbera as a defendant until Plaintiffs expressly state they voluntarily dismiss him.

Following the Court's issuance of summonses on July 2, 2019 (ECF Nos. 3, 4), Plaintiff Makhsous emailed the complaint, summons, and waiver requests to Defendants Eric McAfee, Joseph Penbera, and Michael Penbera, identified by Plaintiffs as the "legal representatives" of Defendants Advanced BioEnergy LP, Advanced BioEnergy GP LLC, California Energy Investment Company LLC, Aemetis, Inc., and AE Advanced Fuels, Inc., however, no Defendants responded to Plaintiffs' request for waiver of summons. (Mot. 2, 10, Ex. 1.)

In late July of 2019, Plaintiffs arranged two process servers to attempt service, one in Fresno, California, and one in Cupertino, California. (Id.) Between July 25 and July 27, 2019, process server Joe Zamilpa ("Zamilpa"), made three attempts to serve Defendants Joseph Penbera, Advanced BioEnergy LP, and Advanced BioEnergy GP, LLC, at 4921 North Van Ness Blvd., Fresno, California (the "Fresno Address"), however, the process server could not find anyone at that location. (Mot. 2.)

On July 29, 2919, Defendant Joseph Penbera sent an email to Plaintiffs stating the business addresses of Advanced BioEnergy LP and Advanced BioEnergy GP LLC had been changed to "conform [to] the Aemetis company address," even though "limited partners," including Plaintiff Long Wanting, were never informed of such change. (Mot. 2.) Defendant Joseph Penbera refused to provide his new home address to receive the summons, though he received a copy of the complaint through email from Plaintiff Makhsous on July 8, 2019. (Mot. 2.)

On July 31, 2019, process server Queenie Orteza ("Orteza"), went to the Aemetis office at 20400 Stevens Creek Blvd., Suite 700, Cupertino, California 95014 (the "Cupertino Address"), to deliver process. (Mot. 2.) Plaintiffs then state that Defendant Eric McAfee tried to deny that he and other defendants had been served. (Mot. 2-3.) However, Plaintiffs state that process server Orteza "attested in her email on [August 17, 2019] . . . that, upon her arrival, an unknown individual sitting in the receptionist area instructed her to leave the documents addressing DEFENDANTS with the individual while he was on a phone call." (Mot. 3.)[5]

---

[5] The Court notes that there is no copy of the August 17, 2019, email from the process server attached to the motion.

Plaintiffs then state that process server Orteza "has amended her proofs of service" as to certain defendants. (Mot. 3.)

Thereafter, on August 21, 2019, Plaintiff Makhsous mailed a copy of the complaint and summons directly to "DEFENDANTS McAfee" at the Cupertino Address, "which was received and signed by a secretary in the office." (Mot. 3.) "A few days later DEFENDANTS [sic] Eric McAfee called PLAINTIFF Makhsous to confirm meeting on September 10 to work on schedule [sic] order as DEFENDANTS Eric McAfee acknowledged the Complaint and summons." (Mot. 3.)

On September 10, 2019, Defendant Eric McAfee met Plaintiffs at the Cupertino Address, "supposedly for scheduling conference." (Mot. 3.) Eric McAfee informed Plaintiffs "that he was representing" Defendants Joseph Penbera, Michael Penbera, Adam McAfee, Advanced BioEnergy LP, Advanced BioEnergy GP, LLC, California Energy Investment Company, LLC, Aemetis, Inc., and AE Advance Fuels, Inc., and that "he would like to enter settlement negotiation[s]" with Plaintiffs on behalf of all Defendants. (Mot. 3.)

Plaintiffs argue that the representation made by Defendant Eric McAfee on September 10, 2019, and "communications between DEFENDANT Eric McAfee and different attorneys who have represented PLAINTIFF LONG over the last two years confirm that DEFENDANT Eric McAfee is the actual legal agent for Advanced BioEnergy LP, Advanced BioEnergy GP LLC, California Energy Investment Company LLC, [Aemetis], Inc, and AE Advanced Fuels, Inc." (Mot. 3-4.) Plaintiffs state that the settlement negotiations lasted until September 29, 2019, "when PLAINTIFFS finally concluded that DEFENDANTS represented by Eric McAfee have no interest to return PLAINTIFFS' investment and to disclose to PLAINTIFFS about the 'Finder's Agreement' between DEFENDANTS and PLAINTIFF Long's Chinese broker that caused the Chinese broker to breach its fiduciary duties to PLAINTIFF Long." (Mot. 4.)

Plaintiffs then restate the same facts and arguments, and additional related facts and arguments in separate sections of the motion arguing service was effectuated on the individual defendants, and on the entity defendants, respectively. (Mot. 4-9.) These arguments largely relate to the interrelated nature of the individual and entity defendants, and Plaintiffs specifically

1 argue service was effectuated by process server Queenie Orteza ("Orteza") on July 31, 2019.
2 The Court now turns to the proofs of service alleged to demonstrate service by process server
3 Orteza.

### C. The Court Must Reject Plaintiffs' Modified Proofs of Service as Presented and Plaintiffs Shall be Required to Provide a Supplemental Affidavit from the Process Server Within Thirty Days

Preliminarily, the Court notes two minor issues with aspects of the Plaintiffs' motion relating to process server Orteza, prior to addressing more significant issues. Fist, as part of exhibit four (4) to Plaintiffs' motion for reconsideration, Plaintiffs proffer what is specified to be a photo taken by process server Orteza on July 31, 2019, appearing to show the reception area of Defendant Aemetis at the Cupertino Address. (Ex. 4, Mot. 14.) Plaintiffs have not submitted any declaration from process server Orteza nor otherwise attached any copy of an email or other communication from process server Orteza which demonstrates the source of this photograph. Second, Plaintiffs state that process server Orteza "attested in her email on [August 17, 2019] . . . that, upon her arrival, an unknown individual sitting in the receptionist area instructed her to leave the documents addressing DEFENDANTS with the individual while he was on a phone call." (Mot. 3.) There is no copy of the August 17, 2019 email from the process server attached to the motion, nor other declaration from the process server attesting to these facts.

Of more significance, Plaintiffs have submitted modified proofs of service in response to the Court's concerns expressed in the October 25, 2019 order denying the previous request for entry of default. To summarize, in the Court's October 25, 2019 order, the Court held that the originally submitted proofs of service could not be accepted by the Court because of the facial inconsistencies apparent on the documents. (ECF No. 13 at 11-22.) Specifically, the previously filed proofs of service indicated service on the following Defendants: (1) Advanced BioEnergy GP, LLC; (2) Advanced BioEnergy, LP; (3) Eric McAfee; (4) Michael Penbera; (5) Joseph Penbera; and (6) Adam McAfee. (ECF No. 11 at 1-6.) As explained in the October 25, 2019 order, the return of service forms state on their face to "[c]heck one box below to indicate appropriate method of service." (ECF No. 11 at 1-6.) As to these six defendants, except for

1  Advanced BioEnergy, LP,[6] the process server checked three different boxes indicating service
2  occurred in three different ways. (Id.) First, the forms indicate service was completed
3  "personally upon the defendant" at the Cupertino Address. (Id.) Second, by leaving "copies
4  thereof at the defendant's dwelling house or usual place of bode [sic] with a person of suitable
5  age and discretion then residing therein." (Id.) Third, another box is checked indicating service
6  was completed by leaving the summons and complaint with: "unknown, receptionist." (Id.)
7  Based on these facial inconsistencies, the Court denied Plaintiffs' request for entry of default
8  while also finding other issues with the proofs of service would preclude entering default at that
9  that time even absent the facial inconsistencies on the proofs of service. (ECF No. 13.) Further,
10 as noted in the October 25, 2019 order, although Plaintiffs requested entry of default against
11 Defendants California Energy Investment Company, LLC, Aemetis, Inc., and AE Advanced
12 Fuels, Inc., Plaintiffs had not submitted any proofs of service pertaining to these three defendants
13 and the Court ordered Plaintiff to submit proofs of service for these defendants. (Id.)

    Turning to the instant motion for reconsideration and updated request for entry of default,
Plaintiffs have now submitted proofs of service for the three defendants for whom no previous
forms were submitted for, as well as modified proofs of service for the other six defendants.
(Mot. 23-25.) Thus, Plaintiffs have submitted proofs of service pertaining to: (1) Advanced
BioEnergy GP, LLC; (2) Advanced BioEnergy, LP; (3) Eric McAfee; (4) Michael Penbera; (5)
Joseph Penbera; (6) Adam McAfee; (7) California Energy Investment Company, LLC; (8)
Aemetis, Inc.; and (9) AE Advanced Fuels, Inc. (Mot. 17-25.) All the newly submitted proofs
of service indicate a service date of July 31, 2019, and are signed by the process server on
August 5, 2019. (Id.) All have writing scratched out and additional writing entered, and thus all
appear to be "modified" and the Court may refer to all as modified proofs of service. (Id.)

    As for the proofs of service for the six defendants that Plaintiff did previously submit

---

[6] As explained in the Court's October 25, 2019 order, on the previously filed proof of service pertaining to Advanced BioEnergy, LP, the first box is checked indicating service was completed personally at the Cupertino Address. (ECF No. 11 at 2.) While only the first box is checked, the blank for the third box is filled in with the words "unknown, receptionist." (Id.) The Court notes that all six of the separate proofs of service filed on October 7, 2019, have this blank filled in with the words "unknown receptionist," and all but the Advanced BioEnergy, LP, proof of service had all three boxes checked. (ECF No. 11.)

1 proofs of service for, the top two boxes on the modified documents which previously indicated
2 both personal service at the Cupertino Address, and substitute service at a dwelling or usual
3 place or abode, are scratched out. (Mot. 17-22.) Additionally, the Cupertino Address is
4 scratched out of the personal service section, and the Cupertino Address is instead now written in
5 the third box area for substitute service, written in below the words "unknown receptionist."
6 (Id.) As for the other three defendants, the box pertaining to personal service and the Cupertino
7 Address are scratched out from the top box section, and although the Court does not have the
8 original proofs of service on file for these three defendants, it appears the Cupertino Address has
9 similarly been added next to the area of the third box under the words "unknown receptionist."
10 (Mot. 23-25.)

11 The first issue the Court finds with these modified proofs of service is that none of the
12 documents indicate who made the modifications nor when the modifications were made. The
13 documents are not accompanied by a signature and date from the process server or the individual
14 who edited the proofs of service attesting to the truth and knowledge of the modification. (Mot.
15 17-25.) Without the process server providing an attestation that the modifications represent a
16 true account of the facts surrounding service, the Court cannot accept the proofs of service as
17 modified. See Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made
18 to the court. Except for service by a United States marshal or deputy marshal, proof must be by
19 the server's affidavit."); Anselmo v. Commonwealth Land Title Co., No. A111083, 2006 WL
20 418690, at *2 n.4 (Cal. Ct. App. Feb. 22, 2006) ("In addition, while the proof of service filed
21 with the court had been altered by hand to show the document was 'delivered' by the person
22 making service on December 12, 2004, the alteration was not verified with the initials of the
23 person who signed the declaration, and the altered date was inconsistent with the date of the
24 notice itself.").

25 Further, the Court finds other discrepancies with the submitted modified documents
26 which preclude the Court from accepting as valid proofs of service. The modified proofs of
27 service for Defendants Advanced BioEnergy, LP, and Advanced BioEnergy GP, LLC, do not
28 appear to be based on the original proofs of service submitted for these defendants. (Compare

1  ECF No. 11 at 1-2 and Mot. 21-22.)  The writing on the originals extends much further outside
2  the margins than in the modified forms, and the forms contain different signatures and writing in
3  different areas.  (Id.)  Significantly, both modified proofs of service for these two defendants
4  appear to have the same exact signatures and writing in the lower and upper portion of the forms,
5  and only the middle portion of the documents with the scratched-out writing appears to be
6  different from the other.  (Mot. 21-22.)  The modified proofs of service for these defendants fail
7  to sufficiently demonstrate proper service to the Court because it is apparent from the face of the
8  documents that the date and signature from process server Orteza is identical on both forms, and
9  therefore it appears the documents have been altered through the use of a computer program, a
10 copier, or otherwise, to indicate service has been completed.  See Perez v. Yates, No. 1:10-CV-
11 00989-OWW, 2011 WL 1636942, at *4 (E.D. Cal. Apr. 29, 2011) ("Apart from the self-serving
12 and highly dubious additional proofs of service dated, inexplicably, both July 5, 2009 and July 6,
13 2009 . . . there is no other evidence to corroborate Petitioner's version of events.  The Court finds
14 that Petitioner's self-serving, suspicious, and conflicting proofs of service are not credible."),
15 report and recommendation adopted, No. 1:10-CV-00989-OWW, 2011 WL 2143030 (E.D. Cal.
16 May 31, 2011); Casas v. City of Baldwin Park, No. B270313, 2017 WL 1153336, at *7 (Cal. Ct.
17 App. Mar. 28, 2017) ("Factually, as the trial court found, the proofs of service Casas relied upon
18 to establish he served his memorandum weeks before it was filed were defective and
19 unreliable—there were three different proofs of service, one of which was unsigned, one of
20 which attested to a different date of service than the other two, and two of which, though signed,
21 did not attest to the service of the costs memorandum itself (instead referring to a 'Memorandum
22 of Points and Authorities for Court Costs').", reh'g denied (Apr. 13, 2017), review denied (June
23 14, 2017); Bell v. Cameron-Hall, No. 14-CV-11486, 2015 WL 13035127, at *2 (E.D. Mich. Oct.
24 16, 2015) ("The Court finds that Plaintiff's proffered proof of service is insufficient to satisfy the
25 Court's show-cause order and does not constitute reliable evidence that Cameron-Hall ever
26 received the Summons and Complaint in this matter."); J & J Sports Prods., Inc. v. Perez, No.
27 09CV1381 WQH(CAB), 2010 WL 235083, at *3 (S.D. Cal. Jan. 20, 2010) ("The defects in the
28 proof of service submitted as to Emilia Perez support her assertion that she never received

service . . . [as] [t]he three proofs of service filed in this case are internally contradictory and inconsistent with each other."); Wells v. Edgar, No. CV 07-6616 AHS (FFM), 2009 WL 195900, at *2 (C.D. Cal. Jan. 26, 2009) ("Plaintiff filed further purported proofs of service," "[h]owever, these latest filings were inconsistent with the prior purported proofs of service . . . [t]he Court therefore issued an order to show cause re failure to prosecute."). While the Court has not employed a forensic expert, the Court is confident that portions of these two documents are identical, and one has been reproduced in part to use as the foundation for the other document. (Mot. 21-22.)

Further, the top portion of at least two of the modified proofs of service appear to have been altered in the section where the process server name is entered, possibly through the use of a physical eraser such as correction fluid, or the use of a computer program or copier. (Mot. 17-25.) Most significantly, the modified proofs of service for AE Advanced Fuels, Inc., and California Energy Investment Company, LLC, have identical markings in this section which appear to show that a portion of one has been reproduced in part to use as the foundation for the other, or a third document served as a foundation for both. (Mot. 24-25.)

Given that there is no affidavit accompanying the modified proofs of service, nor even a signature and date on the forms attesting to who made the modifications and when they were made, the Court cannot accept the forms as submitted as a basis for establishing jurisdiction over the defendants that Plaintiffs seek entry of default against. The discrepancies on the face of the modified proofs of service bolster the Court's need for an affidavit from the process server attesting to the facts contained in the modified proofs of service. The Court shall require Plaintiffs to submit an affidavit from the process server attesting to the modifications that differ from the originally submitted documents to the Court within thirty days, and which attests to how service was effectuated on all defendants alleged to have been served.

The Court cautions Plaintiffs that altering or submitting proofs of service in an attempt to persuade the Court that the process server made the changes when the proofs of service were altered by someone other than the process server may be considered perpetuating a fraud upon this Court or an abuse of process. See Balla v. Idaho State Bd. of Correction, 119 F. Supp. 3d

1271, 1281–82 (D. Idaho 2015) (noting federal district courts have inherent authority to sanction parties when they act in bad faith, which includes actions constituting a fraud upon the court); Juarez v. Delgado, No. EDCV130275DDPAS, 2016 WL 3660613, at *4 (C.D. Cal. Feb. 23, 2016) (noting that dismissal is an appropriate sanction for conduct that abuses the judicial process such as for falsifying a document, and a party's *pro se* status does not excuse such conduct) (citing Combs v. Rockwell Int'l Corp., 927 F.2d 486, 488 (9th Cir. 1991)); Kappel v. Bartlett, 200 Cal.App.3d 1457, 1463–64 (Ct. App. 1988) ("It is foreseeable that improper service of process, combined with subsequent falsification of an affidavit, could result in a default judgment against the person served and in emotional as well as financial injury to him . . . The judicial system relies upon process servers to ensure that the due process sights of a defendant are protected, and potentially severe consequences are likely to result for a defendant when a process server does not perform his task as prescribed by law," and "while Shaw's institution of a suit against plaintiff Kappel did not satisfy the second requirement of a cause of action for abuse of process, knowing execution of a false declaration of service by the defendants named herein would constitute the necessary wilful act.") (internal quotations and citations omitted).

Finally, the Court advises Plaintiffs that upon receipt of the affidavit from the process server, the Court may then require the process server Queenie Orteza to appear in person for a live evidentiary hearing so the Court may inquire as to additional details concerning the facts surrounding the service, and so that the Court may inquire as to the discrepancies concerning the modifications made to the original proofs of service.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to terminate Defendants U.S. Regional Center Services, LLC, and Park Capital Management, LLC, as defendants in this action;

2. The Clerk of the Court is DIRECTED to update the docket to change the name of Defendant Aementis, Inc., to Aemetis, Inc., to reflect the correct spelling;

3. Plaintiffs' motion for reconsideration (ECF No. 16) is DENIED;

4. Plaintiffs' updated request for entry of default (ECF No. 17) is DENIED without prejudice;

5. The Clerk of the Court is DIRECTED to ABSTAIN from entering default against any defendant pursuant to Plaintiffs' request filed November 21, 2019 (ECF No. 17); and

6. Within **thirty (30) days** of service of this order, Plaintiffs shall file an affidavit of the process server Queenie Orteza, that explains how the modifications to the originally submitted proofs of service were made and explaining how service was effectuated.

Plaintiffs are advised that the failure to comply with this order will result in the recommendation of dismissal of this action as Plaintiffs have failed to demonstrate that any defendant has been properly served with the complaint and summonses in accordance with the requirements of Federal Rule of Civil Procedure 4 and the California Code of Civil Procedure.

IT IS SO ORDERED.

Dated: **December 13, 2019**

UNITED STATES MAGISTRATE JUDGE