# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WAN TING LONG, et al., | Case No. 1:19-cv-00898-DAD-SAB |
|---|---|
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR EXTENSION AND RECONSIDERATION |
| v. | |
| ERIC MCAFEE, et al., | (ECF No. 21) |
| Defendants. | **THIRTY DAY DEADLINE** |

Currently before the Court is Plaintiffs' motion for an extension and for reconsideration filed on January 17, 2020. Plaintiffs' motion shall be granted in part to the extent it requests an extension to comply with the Courts previous order filed on December 16, 2019, and shall be denied as to any other aspects that seek reconsideration of any previous order.

## I.

## BACKGROUND

On July 1, 2019, Wang Ting Long and Xuejun Makhsous ("Plaintiffs"), proceeding *pro se*, filed this action alleging violations of the Federal Securities Act and California law. (ECF No. 1.) On September 24, 2019, because Plaintiffs failed to file proofs of service showing that Defendants had been served in this action, the Court ordered Plaintiffs to file a notice of status of service within fourteen (14) days of entry of the order. (ECF No. 10.) On October 7, 2019, Plaintiffs filed, and on October 9, 2019, the Court docketed, proofs of service alleging service on

1

some but not all of the Defendants. (ECF No. 11.) On October 7, 2019, Plaintiffs also filed a request for entry of default against all but two of the Defendants. (ECF No. 12.)

On October 25, 2019, the Court denied Plaintiffs' request for entry of default. (ECF No. 13.) In the Court's order, the Court advised Plaintiffs they were required to file proofs of service demonstrating service on the Defendants that Plaintiffs had submitted no proofs of service pertaining to, and file amended proofs of service or supplemental affidavits demonstrating proper service had been completed on the Defendants that Plaintiffs sought entry of default against. (Id.) On November 21, Plaintiffs filed three separate documents in response to the Court's order: (1) a filing a entitled a "motion to reconsider," which the Court construed as a motion to reconsider the Court's order entered on October 25, 2019 denying Plaintiffs' request for entry of default (ECF No. 16); (2) a document entitled "updated request for entry of default," with an attached proposed order that was entitled "proposed default judgment order" (ECF No. 17); and (3) a supplemental affidavit by Plaintiff Xuejun Makhsous ("Makhsous"), describing certain efforts to contact and serve the defendants in this action (ECF No. 18).

On December 16, 2019, the Court denied Plaintiffs' motion for reconsideration and updated request for entry of default. (ECF No. 20.) In the order, the Court expressed its concern with the modified proofs of service that were submitted by Plaintiffs. Specifically, the Court could not accept the modified proofs of service for consideration because: (1) the modified proofs of service did not contain a signature and date from the process server or the individual who modified the proofs of service attesting to the truth and knowledge of the modifications and information conveyed in the proofs of service; and (2) aspects of the modified proofs of service appeared to demonstrate that the documents were altered using a computer program, a copier, or otherwise, by utilizing signatures and aspects from the other proofs of service to make it appear as if the process server had made the modifications. (ECF No. 20 at 16-17.) Based on these facts and other reasons explained in the order, the Court denied Plaintiffs' motion for reconsideration and updated request for entry of default. The Court also ordered Plaintiffs to provide, within thirty (30) days of service of the order, an affidavit from the process server explaining the modifications made to the proofs of service and explaining how service was

effectuated. (ECF No. 20 at 20.) The Court warned Plaintiffs that the failure to comply with the order would result in the recommendation of dismissal of this action. (Id.) The Plaintiffs were also advised that the Court may consider holding a live evidentiary hearing whereby the process server would be required to appear in person to testify as to the modifications made to the originally submitted proofs of service. (Id. at 19.)

On January 17, 2020, Plaintiffs filed the motion for an extension and reconsideration that is currently before the Court. (Mot. Ext. & Recons. ("Mot."), ECF No. 21.)

## II.

## DISCUSSION

As described above, on December 16, 2019, the Court ordered Plaintiffs to file, within thirty days of service of the order, an affidavit of the process server, Queenie Orteza ("Orteza"), that explains how the modifications to the originally submitted proofs of service were made and that explains precisely how service was effectuated in this manner. (ECF No. 20 at 20.) Plaintiffs have not provided such an affidavit and instead have filed the current motion for an extension of time and for reconsideration.

In their motion, Plaintiffs state that on November 16, 2019, Makhsous asked Orteza to update the proofs of service per the Court's request,[1] and Orteza then instructed Makhsous to make the corrections on the proofs of service as Orteza was out of town and had no access to a computer. (Mot. 4; Ex. 2.) Although Plaintiffs do not explicitly state they then altered the original proofs of service, the Court considers this an implicit confirmation of the Court's concern that the modified proofs of service were not in fact modified by Orteza but were rather modified in order to look as if the process server had modified them. The Court advises Plaintiffs this is not acceptable. See Juarez v. Delgado, No. EDCV130275DDPAS, 2016 WL 3660613, at *4 (C.D. Cal. Feb. 23, 2016) (noting that dismissal is an appropriate sanction for conduct that abuses the judicial process such as for falsifying a document, and a party's *pro se* status does not excuse such conduct) (citing Combs v. Rockwell Int'l Corp., 927 F.2d 486, 488

---

[1] It appears this request refers to the Court's previous order dated October 25, 2019, wherein the Court ordered Plaintiffs to file amended proofs of service or supplemental affidavits demonstrating proper service had been completed on the defendants that Plaintiffs sought entry of default against. (ECF No. 13.)

3

(9th Cir. 1991)). Nonetheless, given the fact that the modifications were apparently made at the direction and with the consent of the process server,[2] the Court will currently decline to find Plaintiffs were intending to perpetuate a fraud upon the Court based on these circumstances. However, despite the attached emails indicating the modifications were made at the request of Orteza, the Court shall still require Orteza to confirm in her affidavit that she in fact advised Plaintiffs to make the modifications themselves.

Turning to the events following the Court's December 16, 2019 order, Plaintiffs state that on December 22 and 23, 2019, Makhsous asked Orteza to provide an affidavit regarding service. (Mot. 5.) Plaintiffs argue that Makhsous has been out of the country due to the holidays and has not yet received an affidavit from Orteza, and Plaintiffs move the Court for an extension to submit an affidavit from Orteza, and to reconsider the Court's order "pending affidavit from Process server Queenie Orteza." (Mot. 5.)

The Court has reviewed the emails attached to the motion. On December 22, 2019, Makhsous wrote: "Our request for default judgment is denied because of problems with how the summons were served upon defendants. Please prepare [an] affidavit of summons and attend hearing in court."[3] (Id.) Orteza responded: "I will need the official court request and fee for my time to appear is $55 per hour." (Id.) Plaintiff responded: "The court asks you to provide [an] affidavit that you took those photos of Aemetis office, and you have made modification on the certificates of service. The court said you doubled checked two boxes that conflicts with one and another [sic]. Please send me your affidavits to explain the discrepancy on your certificate of service. We hope to avoid your appear [sic] in court in Fresno. See attached court order." (Mot., Ex. 3.)

---

[2] On November 15, 2019, Makhsous emailed Orteza stating: "I need your updated POS to seek Default Judgment. That's court order." (Mot., Ex. 2.) On November 15, 2019, Orteza responded: "Sorry I went out of town for emergency. Here's the POS you requested." (Id.) Makhsous responded: "The court ask[ed] you to check only one box not two or more boxes. Those proofs are insufficient." (Id.) Orteza then responded: "You can just white out the section that needs to be erased so it saves us both time than going back and forth on these forms. I'm out of town and I have no access right now to a laptop." (Id.)

[3] The Court advises Plaintiffs that the Court has not yet ordered that any person appear at a live evidentiary hearing, but rather cautioned Plaintiffs that a live evidentiary hearing may be required following submission of Orteza's affidavit, if the Court determines one proves necessary at that time.

4

1        On December 23, 2019, Orteza responded: "Can you please send me the full court order including exhibits? If you don't have it, can you give the lawyer who has it so I can obtain copy [sic]." (Id.) On the same date, Orteza also wrote: "I served these people and did my work as per your instructions. My suggestion is that if they have a lawyer, server their lawyers instead to eliminate further issues than argue with the other party about service back and forth." (Id.)

       The Court is concerned that it appears Orteza is reluctant or unhurried to provide her clients, Plaintiffs in this action, with sufficient proofs of service attesting to the fact that she completed service. The Court shall grant Plaintiffs motion for an extension and provide an additional thirty (30) days to obtain such affidavit from Orteza.[4]

       However, the Court shall also require Orteza's affidavit to confirm whether Orteza in fact authorized Plaintiffs to modify the proofs of service on her behalf, and the Court shall also require Plaintiffs to submit an affidavit from one of the Plaintiffs indicating who in fact modified the proofs of service and indicating whether the modifications were completed with authorization from Orteza.

       Alternatively, if Plaintiffs cannot, despite due diligence and good faith efforts, obtain such affidavit from Orteza, Plaintiffs shall then be required to, within thirty days of service of this order: (1) file an affidavit from one of the Plaintiffs attesting to who modified the previously filed proofs of service; attesting to whether Orteza provided authorization to complete the modifications; and attesting to the efforts Plaintiffs have made to obtain the affidavits from Queenie Orteza; and (2) obtain the services of an alternate process server to serve Defendants, and submit proofs of service from the alternative process server demonstrating service has been completed in this action.

///

///

///

---

[4] It is somewhat unclear whether Plaintiffs are requesting reconsideration only of the aspect of the Court's December 16, 2019 order requiring Plaintiffs to submit an affidavit from the process server within thirty days, or if Plaintiffs are seeking reconsideration on the merits of the denial of entry of default. To the extent Plaintiff is seeking reconsideration of any aspect of any previous order other than pertaining to the deadline for submitting an affidavit, such request shall be denied.

# III.
# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for reconsideration and extension (ECF No. 21) is GRANTED IN PART insofar as the motion requests an extension of time, and DENIED IN PART insofar as the motion requests reconsideration of any other aspect of any previous order of the Court;

2. Within **thirty (30) days of service of this order**, Plaintiffs shall file both:
   a. An affidavit of the process server Queenie Orteza that explains how the modifications to the originally submitted proofs of service were made; whether Queenie Orteza authorized Plaintiffs to modify the proofs of service; and how service was effectuated on the Defendants in this action; and
   b. An affidavit from a Plaintiff attesting to who modified the proofs of service and whether they were given authorization to do so from Orteza;

3. Alternatively, if Plaintiffs are unable to obtain an affidavit from the process server Queenie Orteza, **within thirty (30) days of service of this order**, Plaintiffs shall:
   a. File an affidavit from a Plaintiff attesting to: how the previously proofs of service were modified; whether Queenie Orteza authorized Plaintiffs to complete the modifications; and the diligence and efforts Plaintiffs have made to obtain the affidavits from Queenie Orteza; and
   b. Obtain the services of an alternate process server to serve Defendants and submit proofs of service from the alternative process server demonstrating service has been completed in this action.

///
///
///
///

Plaintiffs are advised that the failure to comply with this order will result in the recommendation of dismissal of this action as Plaintiffs have failed to demonstrate that any defendant has been properly served with the complaint and summonses in accordance with the requirements of Federal Rule of Civil Procedure 4 and the California Code of Civil Procedure.

IT IS SO ORDERED.

Dated: **January 24, 2020**

UNITED STATES MAGISTRATE JUDGE